Argued and submitted August 17, 2020, reversed and remanded
September 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LESLIE BROOKS KINDRED,
*Defendant-Appellant.*

Multnomah County Circuit Court
030934474; A170472

499 P3d 835

Fourteen years after defendant was convicted of coercion, ORS 163.275, defendant moved to set aside that conviction under ORS 137.225. The trial court denied the motion because defendant had outstanding fines and fees in unrelated cases. On appeal, defendant assigns error to that denial, arguing that the outstanding fines and fees did not provide a proper basis for the denial under the Supreme Court's decision in *State v. Langan*, 301 Or 1, 718 P2d 719 (1986). The state responds that, even if the trial court's denial was on an improper basis, the Court of Appeals should alternatively affirm based on defendant having two violations on his record within the 10 years preceding his motion. *Held*: The trial court erred in denying defendant's motion based on his unpaid fines in unrelated cases, because defendant's conduct in not paying the fines was not "contrary to public law," as required under *Langan* to support such a denial. 301 Or at 9-10. Defendant's two violations did not preclude granting his motion, because those violations were vacated and dismissed prior to the trial court hearing on defendant's motion.

Reversed and remanded.

Eric L. Dahlin, Judge.

Nicole S. Thompson argued the cause for appellant. Also on the briefs was Metropolitan Public Defender.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

## LAGESEN, P. J.

Fourteen years after defendant was convicted of coercion, ORS 163.275, defendant moved to set aside that conviction under ORS 137.225. The trial court denied the motion because defendant had outstanding fines and fees in unrelated cases. On appeal, defendant assigns error to that denial, arguing that the outstanding fines did not provide a proper basis for the denial under the Supreme Court's decision in *State v. Langan*, 301 Or 1, 718 P2d 719 (1986). The state responds that, even if the court's denial was on an improper basis, this court should alternatively affirm based on defendant having two violations on his record within the 10 years preceding his motion. We agree with defendant that the trial court denied defendant's motion on an improper basis under *Langan*. We also conclude that defendant's violations do not count against him as convictions for purposes of the statute because they were vacated and dismissed before the hearing. We therefore reverse and remand.

### FACTS

In March 2004, defendant was convicted of coercion, a Class C felony. In May 2018, he moved to set aside that conviction. The state opposed the motion because defendant had not paid all of his court-ordered fines and fees in other cases unrelated to the motion, and also because defendant had been convicted of two violations for failing to pay TriMet fare within the 10-year period preceding the filing of the motion. Before the hearing on the motion, defendant's fare violations were vacated by the trial court and the cases dismissed after defendant performed community service.

At the hearing, the trial court explained at the outset that it was "not inclined to grant the motions to set aside *** because of the outstanding fines." The court considered evidence that defendant had already gotten many of his fines reduced or waived by performing community service and remarked that, as the court understood it, defendant could take care of additional outstanding fines by completing more community service. It reasoned:

"[S]o the way I look at this is that not paying fines and fees that are ordered to be paid when the person has the ability

to pay, it shows—shows I guess maybe disrespect for the court. Or not contempt of court in the legal sense of contempt, but saying, I—I have these obligations. I'm just—I'm not taking it seriously enough. I'm not going to pay it."

Defendant argued that the trial court's reasoning was contrary to the Supreme Court's holding in *Langan*. Rejecting that argument, the court reasoned:

"I—I think that the—a conviction that imposes fines and fees is something that is a—result of [il]legal behavior as opposed to just society saying, well, this is bad or—in a civil context saying there's a breach of contract.

"So, for example, if—if the State objected to [defendant] setting aside his conviction by saying, Look, he got sued by somebody for breach of contract, and he lost that case, that would not be sufficient, and that's the—that's the civil side of this.

"But the—the disqualifying behavior to be—if it's related to criminal conduct, and it's a consequence of the criminal conduct, I think that that is something that the Court can take into account."

The court thus denied the motion:

"The written findings is that under the facts and circumstances are that as a result of criminal convictions, [defendant] owes money that hasn't been paid. That there is the option for paying those amounts through community service, even if he can't come up with the money out of his pocket. And, therefore, that shows a certain lack of respect for the court system and not taking care of his obligations that are resulting from criminal convictions even though they're not the convictions that he's trying to set aside in this case."

The court's written order denying defendant's motion attributed the denial to defendant's "circumstances and behavior since the date of conviction."

As for defendant's two vacated fare violations, the trial court clarified that it would not have found that those circumstances prohibited defendant from having his convictions set aside. But the court admitted that it did not know whether defendant's two dismissed violations would, under ORS 137.225(7)(b), have precluded as a matter of

law the court from granting defendant's motion to set aside.

Defendant appeals. He contends that nonpayment of fines and fees in cases unrelated to those that a motion seeks to set aside does not provide a basis under ORS 137.225(3) for a denial of such a motion. Specifically, defendant argues that nonpayment of fines does not constitute the type of "circumstances and behavior" that can support a denial because nonpayment of fines is not "contrary to public law" as contemplated by the legislature and the Supreme Court in *Langan*.

The state responds that *Langan* only informs what *behavior* can and cannot supply a basis for a discretionary denial of a motion to set aside, and that, in this case, the court had the authority to deny defendant's motion based on the *circumstances* of defendant's unpaid fines. Alternatively, the state contends that defendant's two fare violation convictions occurred within the previous 10 years, requiring denial of defendant's motion under ORS 137.225(7)(b).

Defendant replies that those violations do not bar granting his motion because those convictions were vacated and dismissed prior to the hearing, and that the state's remaining argument conflicts with *Langan*.

## ANALYSIS

Our main inquiry is whether nonpayment of fines in cases unrelated to a motion to set aside a conviction constitutes the type of "circumstances and behavior" that can supply a basis for a denial of a motion under ORS 137.225(3). We review for legal error a trial court's determination of whether a movant is entitled to have his or her conviction set aside under ORS 137.225. *See Langan*, 301 Or at 10. "The proper meaning and application of ORS 137.225 is a matter of statutory interpretation." *State v. Branam*, 220 Or App 255, 258, 185 P3d 557, *rev den*, 345 Or 301 (2008).

ORS 137.225 outlines the rules and procedures for defendants seeking to have their past criminal convictions set aside. In general, a defendant "who has fully complied with and performed the sentence of the court" for his or her conviction may apply to set it aside once a three-year

period of time after judgment has elapsed. ORS 137.225 (1)(a). Importantly for this case, ORS 137.225(3) provides, in relevant part, "[I]f the court determines that the circumstances and behavior of the applicant from the date of conviction *** to the date of the hearing on the motion warrant setting aside the conviction, *** the court shall enter an appropriate order." In other words, a court must make the determination whether to grant or deny motions to set aside based on the "circumstances and behavior of the applicant." *Id.*

In *Langan*, the Supreme Court addressed what "circumstances and behavior" could supply a basis for disqualifying applicants from having their convictions set aside. There, the defendant moved to set aside his conviction for promoting gambling. *Langan*, 301 Or at 3. The trial court denied the motion, finding that defendant's behavior of selling decks of cards to the patrons at his bar for a profit after a police officer told him his practice was illegal was the sort of behavior that allowed a court to decline to set aside a conviction: "[T]he defendant's continuance of an activity after being advised according to a police officer's testimony that it was an illegal activity, whether or not it was in fact illegal, is sufficient circumstance and behavior pursuant to ORS 137.225(3) to deny defendant expungement." *Id.* at 4 (internal quotation marks omitted).

The Supreme Court reversed. After canvassing the legislative history of ORS 137.225(3), the court determined that the legislature did not intend for trial courts to have discretionary latitude to determine what types of circumstances and behavior would preclude expunction: "[W]e doubt that the legislature meant the phrase to describe 'circumstances and behavior' so loosely that two different judges would have 'discretion' to take opposite actions on identical facts." *Id.* at 7-8. Instead, to be disqualifying, the behavior must (a) violate the law and (b) reflect adversely on the defendant's character:

"We think that the statutory reference to the applicant's 'behavior' means that *the court is to examine whether the applicant has behaved in conformity with or contrary to public law. Disqualifying behavior must be some form of legal, not merely social, impropriety, and an act incurring*

> *ordinary, nonpunitive civil liability (for instance, a contract dispute) is not disqualifying if it does not also contravene some other law.* \*\*\* Noncriminal behavior that violates a regulatory law or administrative rule enforced by a civil penalty or other administrative sanction may disqualify an applicant if the law relates to the character of the conviction that the applicant seeks to set aside."

*Id.* at 9-10 (emphasis added). The court explained that, to deny an otherwise eligible person's motion to set aside based on unlawful conduct, each element of the unlawful conduct must be "established by a preponderance of the evidence at the hearing on the applicant's motion." *Id.* at 10. Ultimately, it concluded that "a finding that defendant did not do as he was told is not sufficient to deny defendant's motion," and it remanded to the circuit court. *Id.* at 10-11.

Since it was decided, we repeatedly have held that *Langan* requires proof that a person did something "contrary to public law" for a court to deny a motion under ORS 137.225(3). *See State v. Larson*, 268 Or App 802, 809-10, 344 P3d 59 (2015) ("A trial court has authority to deny an otherwise qualified person's request to set aside a conviction *only if* it determines (1) that the person violated public law [after the date of conviction] and (2) that the violation warrants denying the person's request." (Internal quotation marks omitted; emphasis added.)); *Patterson v. Foote*, 226 Or App 104, 111, 204 P3d 97 (2009) (rejecting the notion that a court has "'discretion'" to set aside a conviction under ORS 137.225(3) and holding that, "if a defendant meets his or her burden to show that he or she had not engaged in any disqualifying behavior, the trial court 'shall' enter the order" (quoting *Langan*, 301 Or at 7-8)); *State v. Bomar*, 79 Or App 451, 455, 719 P2d 76 (1986) ("[A] trial court must find that, since conviction, defendant's behavior was in some respect 'contrary to public law' for it to deny a motion to set aside a conviction." (Quoting *Langan*, 301 Or at 9.)). Not once have we concluded that conduct that, in and of itself, does not violate public law allows for the denial of a motion.

On appeal, the state acknowledges that defendant's behavior was not disqualifying under *Langan* because defendant's outstanding fines were not "contrary to public law," 301 Or at 9. Instead, the state contends that *Langan* articulates a

standard for disqualifying *behavior* only, which left the trial court free to deny defendant's motion based on his *circumstances*, including his nonpayment of outstanding fines.

We are skeptical that *Langan* applies only to behavior. But, as explained below, that is largely beside the point on these facts because the trial court here based its denial on defendant's behavior. From the outset, the court explained that it was inclined to deny defendant's motion because, in its view, defendant was disrespectful for not having paid off all of his fines, and that showed that defendant was not taking his obligations seriously enough. The court explained:

> "[T]he way I look at this is that not paying fines and fees that are ordered to be paid when the person has the ability to pay, it shows—shows I guess maybe disrespect for the court. Or not contempt of court in the legal sense of contempt, but saying, I—I have these obligations. I'm just—I'm not taking it seriously enough. I'm not going to pay it."

Later in the hearing, the court characterized the conduct on which it would deny defendant's motion as "disqualifying behavior," reasoning that "the disqualifying behavior to be—if it's related to criminal conduct, and it's a consequence of the criminal conduct, I think that that is something that the Court can take into account." In its conclusion, although the court used the phrase, "under the facts and circumstances," the court again focused on defendant's behavior in explaining its basis for denial of the motion:

> "The written findings is that under the facts and circumstances are that as a result of criminal convictions, [defendant] owes money that hasn't been paid. That there is the option for paying those amounts through community service, even if he can't come up with the money out of his pocket. And, therefore, *that shows a certain lack of respect for the court system and not taking care of his obligations that are resulting from criminal convictions even though they're not the convictions that he's trying to set aside in this case.*"

(Emphasis added.) That conclusion, taken in the context of the court's assertions at other points in the hearing that the circumstance of having unpaid fines would not have been a bar to granting the motion if defendant had no means of paying them or working them off through community

service,[1] demonstrates that the court based its decision on defendant's behavior, or "lack of respect for the court system and not taking care of his obligations," rather than defendant's circumstances of having unpaid court fines.

But even if the state is correct that circumstances and behavior have distinct meanings under ORS 137.225(3), and even if the trial court's ruling could be regarded as relying on circumstances in addition to behavior, the ruling nonetheless conflicts with *Langan* on these facts. To hold that defendant's conduct, if deemed circumstances rather than behavior, would allow for the denial of his motion where *Langan* would not would undercut the holding of *Langan*, and give rise to the very problem that caused the *Langan* court to adopt the interpretation that it did: "[W]e doubt that the legislature meant the phrase to describe 'circumstances and behavior' so loosely that two different judges would have 'discretion' to take opposite actions on identical facts." 301 Or at 8. Simply put, we do not understand *Langan* to allow a trial court to avoid the Supreme Court's core holding by deeming certain facts to be circumstances rather than behavior—especially where, as here, the factual basis for the court's denial of a motion focused on the movant's conduct and the implications of that conduct, something ordinarily viewed as behavior.

We turn to the state's alternative argument for affirmance. It asserts that we should affirm based on defendant's fare violation convictions that, the state contends, categorically preclude the grant of the motion to set aside. *See Fenimore v. Blachly-Lane County C.E.A.*, 297 Or App 47, 59, 441 P3d 699 (2019) (outlining standard for discretionary affirmance on alternative basis). Defendant responds that those convictions do not preclude a court from granting his motion to set aside, because they were vacated. We agree with defendant.

---

[1] For example, at one point in the hearing, defendant's counsel argued and the court responded:

"[B]eing poor is not a crime. It's not a wrong. And it's not an act.

"THE COURT:  And that's why—that's why I said that the availability of having the Rosewood Legal Initiative process to set aside the fines, to work that off, makes this a different situation. I understand—I understand that [defendant] may not have, you know, any spare money sitting around."

Our task is to determine whether convictions occurring within the relevant time period categorically disqualify the defendant from having a motion to set aside granted if those convictions are vacated before the trial court rules on the motion. That is a question of statutory interpretation; a question of law to be decided by reviewing the text, context, and legislative history of the statute. *Langan*, 301 Or at 10; *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with the text. ORS 137.225(7) outlines what types of criminal history disqualify defendants from setting aside their convictions under ORS 137.225(1):

"Notwithstanding subsection (5) of this section, the provisions of subsection (1) of this section do not apply to:

"* * * * *

"(b)  A person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, excluding motor vehicle violations, whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest, citation, charge or conviction that is sought to be set aside. A single violation, other than a motor vehicle violation, within the last 10 years is not a conviction under this subsection. Notwithstanding subsection (1) of this section, a conviction that has been set aside under this section shall be considered for the purpose of determining whether this paragraph is applicable."

The text of the statute does not explicitly resolve the question but suggests that a vacated conviction would not count, for two reasons.

First, the text does not affirmatively state that a vacated conviction would count, something that we would expect if that had been the legislature's intention. That is because, as the Supreme Court recently explained, the effect of vacating a conviction is to nullify it. In *State v. Phillips*, 367 Or 594, 603-04, 482 P3d 52 (2021), the court addressed whether a vacated conviction was excluded under OEC 609(3)(b) from coming into evidence, explaining that a conviction, once vacated, was "rendered nugatory." That is, the act of vacating a conviction "render[s] the prior conviction no longer enforceable and no longer a valid conviction." *Id.* at

604 (citing *Black's Law Dictionary* 1388 (5th ed 1979), "defining 'vacate' as '[t]o annul; to set aside; to cancel or rescind. To render an act void; as, to vacate an entry of record, or a judgment'" (brackets in *Phillips*)).

Second, the text of the statute does affirmatively address convictions that have been set aside under ORS 137.225, explaining that convictions that have been set aside under ORS 137.225 "shall be considered." ORS 137.225(7)(b). Had the legislature intended to count convictions that had been vacated through post-trial motions or the appellate process, or that had otherwise received similar treatment, it likely would have said so explicitly, as it did with convictions set aside under ORS 137.225. But it did not do so, and it is not our role "to insert what has been omitted." ORS 174.010; *Phillips*, 367 Or at 601.

Nothing in the context points away from the conclusion suggested by the text. The legislative history does not address the point, but it also does not point away from the text's indications that vacated convictions would not count. The history shows that the legislature intended that set aside convictions would preclude defendants from having their motions granted, but it did not explicitly discuss whether other convictions that had been dismissed, vacated, overturned on appeal, or set aside through post-conviction relief would count. Because, as noted, a conviction that has been vacated or overturned is not one that courts ordinarily treat as a valid conviction, absent an explicit signal from the legislature that it intended a different treatment for purposes of ORS 137.225, we conclude that vacated convictions are not ones that categorically preclude the granting of a set-aside motion under the terms of that statute.

In sum, under *Langan*, the trial court erred in relying on defendant's failure to pay his fines in unrelated cases as behavior allowing for the denial of his motion, and defendant's vacated fare violations did not preclude granting his motion to set aside his conviction. We therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.