Submitted November 5, 2021, vacated and remanded January 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM JAMES SINGLETON,
*Defendant-Appellant.*

Lincoln County Circuit Court
084155; A175454

503 P3d 499

Defendant appeals from an order denying his motion to set aside a conviction and seal records of arrest. He argues that the trial court erred in determining him ineligible for expungement and denying his uncontested motion without holding an evidentiary hearing. *Held*: The trial court erred in denying defendant's motion, and it was required to provide defendant with the opportunity to engage in a hearing where relevant evidence could be admitted and he could challenge, rebut, or explain that evidence and submit contrary evidence. Accordingly, the Court of Appeals vacated the trial court's order denying defendant's motion and remanded for further proceedings.

Vacated and remanded.

Sheryl Bachart, Judge.

Adam L. Dean filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Mooney, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Vacated and remanded.

**DeVORE, S. J.**

Defendant filed a motion under ORS 137.225 (2019), *amended by* Or Laws 2021, ch 486, § 1,[1] to set aside his fourth-degree assault conviction, entered March 2009, and seal the records of arrest. The state had no objection, but the trial court denied defendant's motion and did so without holding a hearing. Defendant appeals the denial of his motion. In his first assignment of error, he contends that the trial court erred in determining him to be ineligible for expungement. In his second assignment, he contends that the trial court erred by denying his motion without allowing him to have an evidentiary hearing. We agree with defendant, and, because it is a case of first impression, we write principally to address his second assignment. We vacate and remand.

The underlying pertinent facts are not in dispute. Defendant filed his motion with an attached declaration and fingerprint card. His declaration contained factual assertions sufficient to satisfy the statutory requirements to have his 2009 assault conviction and related arrest record set aside. The district attorney did not challenge any of defendant's factual assertions and affirmed in writing to the trial court that the state had "no objection to entry of an order setting aside" the conviction and arrest record. The trial court denied the motion in writing:

> "Motion is denied. Defendant convicted 2009 Strangulation (D091244M); Unauthorized Departure (D096095M); DUII & Menacing (D072840M); probation revoked this case 5/26/10)."

Defendant appealed the trial court's denial of his motion.

"We review for legal error a trial court's determination of whether a movant is entitled to have his \* \* \* conviction set aside." *State v. Kindred*, 314 Or App 280, 283, 499 P3d 835 (2021). ORS 137.225 provides a mechanism for

---

[1] We refer to the version of the statute in effect at the time defendant filed his motion and when the trial court issued its decision. Defendant contends, and the state concedes, that the trial court erroneously applied that law. We note that amendments to the statute went into effect on January 1, 2022. To the extent that those amendments have any bearing on the issues going forward, the parties can address those issues on remand.

certain defendants, under specific circumstances, to have a record of arrest and a criminal conviction set aside. When a defendant has established that he is eligible to have his conviction set aside, the court may deny such a motion if the court determines that the "circumstances and behavior of the applicant" since the arrest and conviction do not "warrant" granting the set-aside remedy. ORS 137.225(3).

As to the first assignment, the state agrees with defendant that, on this record, the trial court's explanation for denying the motion does not appear to be legally correct, and that we should remand to the trial court for reconsideration of its decision. The state's concession is well taken, and we accept it.

As we explained in *State v. Bomar*, 79 Or App 451, 454, 719 P2d 76 (1986), "[i]n *State v. Langan*, 301 Or 1, 718 P2d 719 (1986), the Supreme Court squarely rejected the state's contention * * * that a trial court's decision to set aside a conviction is entirely discretionary." In *Langan*, the Supreme Court considered the legislative history of ORS 137.225 and explained that "the legislature chose a policy in favor of setting aside the convictions of qualified applicants rather than leaving the decision to judicial discretion." 301 Or at 8. We have repeatedly "held that *Langan* requires proof that a person did something 'contrary to public law' for a court to deny a motion under ORS 137.225(3)." *Kindred*, 314 Or App at 285. Upon review of the record, we agree with the parties that a denial of defendant's motion is not supported by the evidentiary record. The trial court appears to have relied on facts not presented by the parties. As matters stand, the record does not contain evidence of "circumstances and behavior" that would justify a denial of defendant's motion. The trial court therefore erred in denying defendant's motion based on this record.

In the second assignment of error, defendant asserts that the trial court erred in denying his motion without holding an evidentiary hearing. The state does not dispute the point. Defendant argues that the plain language of ORS 137.225 "clearly envisions an evidentiary hearing" and points to provisions in which a hearing is mentioned. In ORS 137.225(2), the statute provides, in part:

"(a)   A copy of the motion and a full set of the defendant's fingerprints shall be served upon the office of the prosecuting attorney who prosecuted the crime or violation, or who had authority to prosecute the charge if there was no accusatory instrument filed, *and opportunity shall be given to contest the motion*. * * *

"(b)   When a prosecuting attorney is served with a copy of a motion to set aside a conviction under this section, the prosecuting attorney shall provide a copy of the motion and *notice of the hearing date* to the victim, if any, of the crime by mailing a copy of the motion and notice to the victim's last-known address."

(Emphases added.) Similarly, ORS 137.225(3) provides, in part:

"Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as the court deems proper. The court shall allow the victim to make a statement *at the hearing*. * * * [I]f the court determines that the circumstances and behavior of the applicant from the date of conviction, or from the date of arrest, citation or charge as the case may be, *to the date of the hearing on the motion* warrant setting aside the conviction, or the arrest, citation or charge record as the case may be, the court shall enter an appropriate order that shall state the original arrest or citation charge and the conviction charge, if any and if different from the original, date of charge, submitting agency and disposition."

(Emphases added.)

Although the statute appears to contemplate a hearing being held—at least if a motion is contested—defendant acknowledges that the statute does not specifically address a situation where the court denies an uncontested motion without a hearing. Defendant argues, however, that the legislature made clear its intention that eligible applicants be afforded a hearing to present their case. The legislature did so by referring to an evidentiary hearing three times in ORS 137.225.

In the state's view, when, as here, the record is sufficient to show that a defendant is eligible for the set-aside remedy that he requests in his motion and the trial court wants to exercise its authority under ORS 137.225(3) to

deny that request based on defendant's "circumstances and behavior," the court should hold a hearing at which evidence that is relevant to that issue could be admitted and the defendant would have a fair opportunity to challenge, rebut, or explain that evidence and to submit contrary evidence.

A reading of the plain terms of ORS 137.225(2) and (3) confirms that the legislature intended for a hearing to take place in at least some circumstances when a defendant files a motion to set aside a conviction. Subsection (3), the part of the statute regarding consideration of the "circumstances and behavior" of a defendant that will be determinative of whether to grant the defendant's motion, specifically states that the court can consider additional evidence: "Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as the court deems proper."

Our construction of the statute is supported by case law that has explained the legislature's intent in leaving little discretion to the trial court, *Bomar*, 79 Or App at 454; in requiring proof of the applicant doing something contrary to public law in order to deny relief, *Kindred*, 314 Or App at 285; and in favoring the setting aside of convictions for qualified applicants, *Langan*, 301 Or at 8.

Defendant met the initial criteria to have his conviction set aside, and the state did not object or otherwise contest defendant's motion. If, nonetheless, the trial court was inclined to deny the motion, it was required to provide defendant with the opportunity to engage in a hearing where relevant evidence could be admitted and defendant could challenge, rebut, or explain that evidence and submit contrary evidence.

Accordingly, we vacate the trial court's order denying defendant's motion and remand for further proceedings consistent with this opinion.

Vacated and remanded.