414 January 31, 2024 No. 51

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA LONG-ELLIS,
Defendant-Appellant.

Lincoln County Circuit Court
143040; A179424

Amanda R. Benjamin, Judge.

Submitted December 19, 2023.

Austin J. Burke and Lohrke Law filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In 2015, defendant was convicted of harassment and sentenced to probation. One of his probation conditions was to complete sex offender treatment and submit proof of completion to the court. Although defendant apparently did not complete treatment, the state never initiated any probation-violation proceedings, and defendant's probation expired in 2020. In 2021, defendant moved to set aside his conviction under ORS 137.225. The prosecuting attorney did not object. The trial court denied the motion without a hearing. Defendant moved for reconsideration, including asserting that the court was required to hold a hearing before denying the motion. The court held a hearing, and again denied the motion, on two grounds: (1) that defendant had not "fully complied with and performed the sentence of the court," an eligibility requirement under ORS 137.225(1)(a), in that he failed to complete sex offender treatment; and (2) that defendant's failure to complete sex offender treatment made him a threat to public safety, a ground for denial under ORS 137.225(3)(a). Defendant appeals. We address each ground for the court's ruling in turn and, ultimately, affirm.

APPLICABLE VERSION OF ORS 137.225

As a preliminary matter, we address which version of the statute is at issue. Defendant filed his motion in December 2021. Significant amendments to ORS 137.225 went into effect on January 1, 2022. Or Laws 2021, ch 486, § 1; Or Laws 2021, ch 207, § 1. The trial court issued its initial order in March 2022 and its reconsideration order in August 2022. The parties implicitly agree that the trial court applied the current version of ORS 137.225—*i.e.*, the version in effect at the time of its rulings—and the text of the reconsideration order supports that understanding. There is also no dispute that it was proper to do so. We therefore conduct our analysis under the current version of the statute. All citations and quotations are to the current version of ORS 137.225, unless otherwise specified.

ELIGIBILITY UNDER ORS 137.225(1)(a)

ORS 137.225 contains a detailed procedure for set aside of certain criminal convictions. Regarding eligibility, ORS 137.225(1)(a) provides:

"(a) At any time after the person becomes eligible as described in paragraph (b) of this subsection, any person convicted of an offense *who has fully complied with and performed the sentence of the court for the offense*, and whose conviction is described in subsection (5) of this section, by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction. A person who is still under supervision as part of the sentence for the offense that is the subject of the motion has not fully complied with or performed the sentence of the court."

(Emphasis added.) *See also State v. Langan*, 301 Or 1, 5, 718 P2d 719 (1986) ("A defendant is the movant in seeking to have his conviction set aside under ORS 137.225, and it is his burden to show that he meets the criteria of that statute.").

The only eligibility criterion at issue here is the requirement that defendant had "fully complied with and performed the sentence of the court" for the harassment conviction. In its initial order denying defendant's motion, the trial court stated, "Affidavit does not establish that defendant successfully completed the terms of his probation. No proof of such is on record with the court." The court then held a hearing at defendant's request and, after the hearing, reaffirmed that ground for its ruling.[1] Emphasizing that it was defendant's burden to prove eligibility for set aside and that defendant had declined to offer evidence or testimony at the hearing, the court concluded "that defendant is not eligible pursuant to ORS 137.225(1)(a) as he has not 'fully complied with and performed the sentence of the court' for the offense." Specifically, the court explained, defendant had

---

[1] The initial order also stated a second basis for denial of the motion, which was lack of "proof of victim notification." It was the prosecuting attorney's duty to notify the victim, ORS 137.225(2)(b), and the prosecutor represented at the hearing that the victim had been notified and did not want to attend. The reconsideration order does not mention victim notification, and the parties treat the reconsideration order as superseding the initial order, so we do not address further that additional initial basis for denial.

failed to complete sex offender treatment and submit proof of completion to the court. The court acknowledged that defendant had never been found in violation of his probation, but it viewed "[t]he failure of the state to take action on his previous probation violations [a]s a separate issue which has no impact on whether or not the defendant fully complied with his probation."

On appeal, defendant argues that we should construe "fully complied with and performed the sentence of the court" in ORS 137.225(1)(a) as encompassing situations in which a person completed a probationary sentence without any found violations, regardless of whether the person actually fully complied with the probation conditions. To put it another way, defendant argues that the trial court lacked authority under ORS 137.225(1)(a) to find a probation violation after the fact. In support of that proposition, defendant relies on two cases: *State v. Branam*, 220 Or App 255, 185 P3d 557, *rev den*, 345 Or 301 (2008), and *State v. Granberry*, 260 Or App 15, 316 P3d 363 (2013). In response, the state—which took no position below—concedes the point, adopting defendant's reasoning on ORS 137.225(1)(a) without discussion.

"The proper meaning and application of ORS 137.225 is a matter of statutory interpretation ***." *Branam*, 220 Or App at 258. We therefore review for legal error. *State v. Sylva*, 314 Or App 661, 662, 500 P3d 49 (2021). We are not bound by concessions and must independently assess their legal correctness. *State v. R. L. W.*, 267 Or App 725, 728, 341 P3d 845 (2014).

Here, the issue is the meaning of "fully complied with and performed the sentence of the court," which raises questions about both the meaning of "fully" and the difference, if any, between "complied with" and "performed." Our prior decisions in *Branam* and *Granberry* are potentially relevant, but not controlling, on the issue. *Branam* involved a defendant who was revoked from probation, completed a jail sentence, then moved to set aside his conviction under ORS 137.225 (2005).[2] 220 Or App at 257. Resorting to max-

---

[2] ORS 137.225 has been amended repeatedly since 2005. The full citation is ORS 137.225 (2005), *amended by* Or Laws 2007, ch 71, § 35; Or Laws 2009, ch 360, § 1; Or Laws 2009, ch 560, § 1; Or Laws 2011, ch 547, § 29; Or Laws 2011,

ims of statutory construction to resolve an ambiguity, we construed "the sentence of the court" in ORS 137.225(1)(a) (2005) as referring only to the ultimate jail sentence and not to the initial probationary sentence. *Id.* at 263-64. *Granberry* involved a defendant who was put on probation under a conditional-discharge agreement, without conviction, pursuant to ORS 475.245 (2009).[3] 260 Or App at 16. Construing the phrase "[u]pon fulfillment of the terms and conditions [of probation]" in ORS 475.245 (2009), we concluded that, because the defendant's probationary term had expired without any violation proceedings, he had fulfilled the terms and conditions of probation, and the trial court "lacked authority" to belatedly find probation violations and thus avoid the discharge and dismissal otherwise required by the statute. *Id.* at 20-24.

Facially, *Branam* and *Granberry* are relevant but not controlling. Moreover—although neither party mentions it—since those cases were decided, the legislature has materially amended both ORS 137.225(1) and ORS 475.245. ORS 137.225(1)(e) now expressly addresses defendants who were revoked from probation and then completed a term of incarceration, essentially making them eligible for set aside but requiring a potentially longer waiting period. *See* Or Laws 2015, ch 820, § 32a (adding that provision); Or Laws 2021, ch 486, § 1 (amending and renumbering that provision). And ORS 475.245(4) now expressly addresses the situation where a conditional-discharge agreement expired without initiation of any probation-violation proceedings "but the terms and conditions of the probation agreement have not been fulfilled," essentially requiring an adjudication of guilt, unless the court "[o]rder[s] a new period of probation to allow the person to fulfill the terms and conditions of the probation agreement[.]" *See* Or Laws 2015, ch 125, § 1 (adding that

---

ch 595, § 87; Or Laws 2011, ch 196, § 1; Or Laws 2011, ch 533, § 1; Or Laws 2012, ch 70, § 4; Or Laws 2013, ch 390, § 1; Or Laws 2015, ch 820, § 32; Or Laws 2015, ch 820, § 32a; Or Laws 2015, ch 235, § 1; Or Laws 2017, ch 338, § 1; Or Laws 2017, ch 339, § 1; Or Laws 2018, ch 120, § 12; Or Laws 2019, ch 553, § 12; Or Laws 2021, ch 207, § 1; Or Laws 2021, ch 486, § 1.

[3] ORS 475.245 has been amended several times since 2009. The full citation is ORS 1475.245 (2009), *amended by* Or Laws 2011, ch 524, § 2; Or Laws 2013, ch 75, § 1; Or Laws 2015, ch 125, § 1; Or Laws 2016, ch 24, § 58; Or Laws 2017, ch 21, § 23; Or Laws 2019, ch 445, § 1.

provision); *State v. Herrera*, 280 Or App 830, 836 n 5, 383 P3d 301 (2016), *rev den*, 360 Or 852 (2017) (explaining that ORS 475.245 was amended in response to *Granberry*, so as "to provide the authority lacking in *Granberry*"). Those statutory amendments undermine defendant's arguments for extending the reasoning of *Branam* and *Granberry*.

Under the circumstances, and notwithstanding the state's concession, this is not the appropriate case in which to decide as a matter of first impression whether trial courts have authority under ORS 137.225(1)(a) to find historical probation violations, despite a lack of probation-violation proceedings, as part of deciding whether the defendant "fully complied with and performed the sentence of the court." Whatever the merits of that issue, the trial court's alternative basis for denying the set-aside motion in this case proves dispositive. We therefore proceed to the alternative basis and leave the construction of ORS 137.225(1)(a) for another day.

## PUBLIC-SAFETY FINDING UNDER ORS 137.225(3)(a)

As an alternative basis for denying defendant's motion to set aside his harassment conviction, the trial court found by clear and convincing evidence that defendant's failure to complete sex offender treatment made him a threat to public safety. The court noted that defendant's conviction was "of a sexual nature involving a minor" and that defendant failed to complete treatment despite agreeing to do so in his plea agreement and being ordered to do so by the court.

When a person moves to set aside a conviction under ORS 137.225(1)(a), the prosecuting attorney has 120 days to file an objection under ORS 137.225(2). ORS 137.225(3) addresses how the court should then proceed, stating in relevant part:

"(a)   If an objection is received to a motion filed under subsection (1)(a) of this section, the court shall hold a hearing, and may require the filing of such affidavits and may require the taking of such proofs as the court deems proper. The court shall allow the victim to make a statement at the hearing. If the person is otherwise eligible for relief under this section, the court shall grant the motion and enter

an order as described in paragraph (b) of this subsection *unless the court makes written findings, by clear and convincing evidence, that the circumstances and behavior of the person, from the date of the conviction the person is seeking to set aside to the date of the hearing on the motion, do not warrant granting the motion due to the circumstances and behavior creating a risk to public safety.* When determining whether the person's circumstances and behavior create a risk to public safety, the court may only consider criminal behavior, or violations of regulatory law or administrative rule enforced by civil penalty or other administrative sanction that relate to the character of the conviction sought to be set aside. The court may not consider nonpunitive civil liability, monetary obligations and motor vehicle violations. * * *"

"(b)   The court shall grant a motion filed under subsection (1)(c) or (d) of this section, or under subsection (1)(a) of this section if no objection to the motion is received, and shall enter an appropriate order containing the original arrest or citation charge, the conviction charge, if applicable and different from the original, the date of charge, the submitting agency and the disposition of the charge."

(Emphasis added.)

On appeal, defendant contends that the trial court erred in denying his motion based on a public-safety finding. He does not challenge the substance of the finding, but instead contends that the trial court lacked authority to make it at all. As defendant reads the statute, only if an objection is received may the court hold a hearing pursuant to ORS 137.225(3)(a), and only if the court holds a hearing pursuant to ORS 137.225(3)(a) may the court deny set aside based on a public-safety finding. Here, no objection was received, so it follows, defendant argues, that the hearing in this case "could not have been held pursuant to ORS 137.225(3)(a)." Defendant does not identify on what other authority he believes the hearing was held. The state responds that defendant invited the claimed error by requesting a hearing, that defendant did not preserve any claim that it was error to follow the procedures in ORS 137.225(3)(a), and that the trial court was acting in accordance with *State v. Singleton*, 317 Or App 49, 503 P3d 499 (2022), when it granted defendant's request for a hearing. Defendant rejoins that the hearing

was only to address eligibility under ORS 137.225(1)(a) and was not a hearing under ORS 137.225(3)(a).

At least at first blush, defendant appears to be correct that ORS 137.225 contemplates a hearing only in the event that an objection is received. *Compare* ORS 137.225(3)(a) (stating that, "[i]f an objection is received to a motion filed under subsection (1)(a) of this section, the court shall hold a hearing," and providing hearing procedures), *with* ORS 137.225(3)(b) (stating that the court shall grant the motion "if no objection to the motion is received"). That begs the question, on what basis did the trial court hold a hearing in this case? Defendant omits to mention that he requested the hearing, and the trial court granted it, on the authority of *Singleton*.

In *Singleton*, the trial court denied an unopposed motion for set aside under ORS 137.225 (2019).[4] 317 Or App at 50. On appeal, we agreed with the parties that the court had denied the motion on a legally incorrect ground, and we remanded on that basis. *Id*. at 51. We then addressed whether it was also error to deny the motion without a hearing. *Id*. As a matter of statutory construction, we held that ORS 137.225(3) (2019) required the court to provide a hearing before denying the motion. *Id*. at 51-53. We explained that, if the court was inclined to deny the motion, even though the defendant "met the initial criteria" and the state did not object, the court "was required to provide defendant with the opportunity to engage in a hearing where relevant evidence could be admitted and defendant could challenge, rebut, or explain that evidence and submit contrary evidence." *Id*. at 53.

In this case, after the trial court denied defendant's unopposed motion for set aside, defendant moved for reconsideration, including asserting a right to a hearing. Regarding the right to a hearing, defendant asserted, "The District Attorney did not oppose the set aside. Even if the court is inclined to deny the motion, a hearing must first be held and the parties given an opportunity to engage with the court." Defense counsel extrapolated on that assertion

---

[4] The amendment history of ORS 137.225 (2019) is included in footnote 2.

in a supporting declaration, arguing that *Singleton* required the court to hold a hearing before denying an unopposed motion. The trial court agreed, held a hearing, and then issued its ruling.

Having asserted the right to a hearing and received a hearing, defendant cannot now claim that it was error to hold a hearing. *See State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it. *** The goal of the rule is to ensure that parties who make intentional or strategic trial choices do not later blame the court if those choices prove to be unwise." (Internal quotation marks and citations omitted.)). Therefore, instead, defendant posits that the hearing that he received was not "a hearing held pursuant to ORS 137.225(3)(a)" but some other type of hearing, and that the trial court was not allowed to make a public-safety finding at a hearing other than "a hearing held pursuant to ORS 137.225(3)(a)." We are unpersuaded. Even if some other type of hearing was theoretically possible, defendant's motion could only be understood as requesting a hearing under the statute, subject to the statutory procedures.

Defendant requested and asserted a right to a hearing under the authority of *Singleton*. Given that decision's reasoning, there is no question that the hearing required by *Singleton* is a hearing conducted in accordance with the statutory hearing procedures. *See Singleton*, 317 Or App at 50-53 (construing ORS 137.225(2) and (3) (2019)). The trial court therefore properly understood defendant to be requesting a hearing conducted in accordance with the statutory hearing procedures. In the current statute, the hearing procedures are set forth in ORS 137.225(3)(a), and those are the procedures that the court followed.

It is possible that the trial court erred in granting defendant's hearing request. Neither the parties nor the trial court addressed the fact that *Singleton* was decided under a materially different version of the statute. *See Singleton*, 317 Or App at 50 & n 1 (construing ORS 137.225 (2019) and

noting that "amendments to the statute went into effect on January 1, 2022"). Unlike the current version of the statute, ORS 137.225(3) (2019) does not differentiate between opposed and unopposed motions, simply setting forth procedures for a "hearing [upon] the motion." One possible reading of current ORS 137.225(3) is that hearings may be held only on opposed motions and, by extension, that public-safety findings may be made only as to opposed motions. If so, it was error to hold a hearing on defendant's motion—but defendant invited such error.

Once the trial court agreed to hold the requested hearing, it did not err by applying the hearing procedures in ORS 137.225(3)(a), or, if it did, the error was invited by defendant when defendant requested the type of hearing required by *Singleton*. To the extent that defendant intended to ask for some other kind of hearing—one not subject to the hearing procedures in ORS 137.225(3)(a)—he failed to do so, even assuming *arguendo* that the court would be allowed to hold a hearing on a motion under ORS 137.225(1)(a) without following the hearing procedures in ORS 137.225(3)(a).

We therefore reject defendant's challenge to the trial court's alternative basis for denying his motion and, accordingly, affirm.

Affirmed.