214 January 2, 2025 No. 4

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM JAMES SINGLETON,
*Defendant-Appellant.*

Lincoln County Circuit Court
084155; A178757

Sheryl Bachart, Judge.

Argued and submitted October 23, 2023.

Adam L. Dean argued the cause and filed the briefs for appellant. Also on the briefs was Dean Law Group, P. C.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded for entry of an order setting aside and sealing arrest record pursuant to ORS 137.225(3).

**POWERS, J.**

In this case that is before us a second time, defendant appeals from an order denying his motion to set aside his conviction and to seal records pursuant to ORS 137.225. Originally convicted of assault in the fourth degree constituting domestic violence, defendant later filed a motion to set aside his arrest and conviction. Although the state did not object to the motion, the trial court denied defendant's motion without holding a hearing. Defendant appealed, and we reversed and remanded. *State v. Singleton*, 317 Or App 49, 503 P3d 499 (2022). On remand, the court held a hearing to reconsider defendant's motion, the state again did not object, and the court again denied defendant's motion. In this second appeal, defendant argues that the trial court did not have authority to deny the motion because the state did not object. Alternatively, defendant contends that, even if the court had authority, there is insufficient evidence to support the denial. As explained below, we conclude that there is insufficient evidence in the record for the court to conclude, as required by ORS 137.225(3)(a), that there is clear and convincing evidence that defendant's circumstances or behavior create a risk to public safety. Accordingly, we reverse and remand with instructions to grant relief.

The pertinent factual background is undisputed and largely procedural. Defendant was charged by information with three counts of assault arising from an incident in September 2008 in which he brutally attacked his ex-girlfriend while intoxicated, causing injuries. In March 2009, defendant entered a plea agreement in which he would plead no contest to fourth-degree assault constituting domestic violence, ORS 163.160(2), a Class A misdemeanor.[1] The trial court sentenced him to probation with a suspended sentence. In July 2009, the state moved to revoke defendant's probation because he was convicted of strangulation of the same victim. In May 2010, defendant's probation was revoked, and he was sentenced to the custody of the Department of Corrections for 365 days.

---

[1] ORS 163.160 has been amended several times since the underlying conduct in this case. Or Laws 2009, ch 785, § 3; Or Laws 2015, ch 639, § 2; Or Laws 2017, ch 337, § 1; Or Laws 2021, ch 581, § 1. Because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

In August 2020, defendant moved pursuant to ORS 137.225 to set aside his arrest and conviction for fourth-degree assault and to seal the official records in this case. With the motion, defendant filed a declaration asserting that he was eligible for relief under the statute from his arrest and conviction of a Class A misdemeanor because he had complied with all requirements for relief under ORS 137.225, including no other criminal convictions in the 10-year period immediately preceding the motion. The state filed a response noting that it did not have an objection to defendant's motion. The trial court denied defendant's motion without holding a hearing, relying on defendant's prior convictions and that his probation had been revoked. Defendant appealed, and we reversed and remanded the case for the trial court to hold a hearing. *See Singleton*, 317 Or App at 53 (explaining that defendant met the initial criteria to set aside his conviction, the state did not object or otherwise contest defendant's motion, and if the trial court "was inclined to deny the motion, it was required to provide defendant with the opportunity to engage in a hearing where relevant evidence could be admitted and defendant could challenge, rebut, or explain that evidence and submit contrary evidence").

On remand, the trial court held a hearing on defendant's motion. The state explained that it still did not object to the motion and did not present any evidence at the hearing. The court received as evidence defendant's declaration from the original motion in lieu of his testimony. Thus, the principal evidence in the record was defendant's declaration from his August 2020 motion and the record in the underlying criminal case, including defendant's criminal history.

The trial court again denied the motion, concluding that, although defendant was eligible for relief, his behavior and circumstances since the conviction created a risk to public safety. *See* ORS 137.225(3)(a) (providing the trial court authority to deny a set-aside motion under specified circumstances). In a written order, the court explained, in part:

> "ORS 137.225(3)(a) provides that if a person is otherwise eligible for relief under this section, which the court finds Defendant is, the court shall grant the motion unless

the court makes written findings, by clear and convincing evidence, that the circumstances and behavior of the person, from the date of conviction the person is seeking to set aside to the date of the hearing on the motion, do not warrant granting the motion due to circumstances and behavior creating a risk to public safety.

"Here, the date of the motion was August 3, 2020. At the time the motion was filed Defendant had not successfully expunged the convictions in 2009 for Strangulation, Unauthorized Departure and Menacing. These convictions demonstrate by clear and convincing evidence Defendant is a threat to public safety as there is no evidence in the record Defendant ever addressed, through any treatment [or] any counseling, his assaultive behavior. The record reflects Defendant failed to comply with any condition of his probation, including contact with the victim, alcohol use, alcohol treatment and domestic violence education classes. The record demonstrates 4 1/2 months after he received a generous plea agreement avoiding a conviction for a Measure 11 offense, he was convicted of strangulation against the same victim.

"Even if the court disregards the convictions he has since expunged, the record still reflects Defendant's probation was revoked because he was convicted of a strangulation against the same victim. While Defendant states in his declaration he has complied with his sentence, he did not comply with his probation. His probation was revoked. He served the sentence imposed by the court. He never addressed the domestic violence or alcohol abuse underlying the conviction.

"For the reasons stated above, the Court finds by clear and convincing evidence that the circumstances and behavior of Defendant create a risk to public safety and nothing in the record demonstrates he has done anything to alleviate that risk."

This timely appeal follows.

As an initial matter, we clarify which version of the set-aside statute applies because the underlying proceedings occurred both before and after the legislature made significant amendments to ORS 137.225 that went into effect in January 2022. *See* Or Laws 2021, ch 207, § 1; Or Laws 2021, ch 486, § 1. Defendant filed the motion to set

aside in 2020 when the prior version of the statute was in effect, and the hearing on remand occurred in 2022 after the changes went into effect. On appeal, the parties implicitly agree that the trial court applied the current version of ORS 137.225, which was the version in effect at the time of the hearing on remand, and the text of the court's order supports that understanding. Importantly, the trial court referred to the "clear and convincing evidence" standard in ORS 137.225(3)(a), which was not part of the prior version of the statute. Moreover, neither party contests that it was proper for the court to apply the current version of the statute. Accordingly, given the circumstances of this case, we conduct our analysis under the current version. *See State v. Long-Ellis*, 330 Or App 414, 416, 543 P3d 761 (2024) (applying the current version of ORS 137.225 in similar circumstances).

On appeal, defendant advances two primary arguments. First, defendant asserts that he is eligible for relief under ORS 137.225 and that there is insufficient evidence in the record for the trial court to have denied his motion based on defendant's "circumstances and behavior" since the conviction. Second, defendant argues for the first time in his reply brief that the court did not have authority to deny his motion because the state did not object to the motion. Defendant maintains that ORS 137.225(3)(b), which provides that the court "shall grant a motion * * * if no objection to the motion is received," requires a court to grant a motion to set aside if the defendant meets all the requirements and the state does not object.

The state does not dispute that defendant is eligible for relief under ORS 137.225. The state, however, remonstrates that the court exercised its discretionary authority under ORS 137.225(3)(a) to deny defendant's motion based on his circumstances and behavior since the conviction at issue. Although the revocation of defendant's probation does not render him ineligible for relief, the state maintains that the conduct on which that revocation is based is conduct that the court can consider in making its decision. Specifically, the state argues that the fact that, following defendant's conviction, he strangled the same person who was the victim

in this case is a relevant consideration for the behavior and circumstances determination. Although we agree with the state's argument that defendant's conduct that resulted in the probation revocation is a relevant consideration, we conclude that the evidence in the record is insufficient for the court to have denied defendant's motion.[2]

The parties do not dispute that defendant has satisfied all the requirements for his conviction to be set aside. Thus, the question is narrowed to whether the trial court erred in denying the motion only based on defendant's "circumstances and behavior." We review for legal error a trial court's determination on whether a movant is entitled to have a conviction set aside under ORS 137.225. *State v. Kindred*, 314 Or App 280, 283, 499 P3d 835 (2021). As explained below, assuming without deciding that the trial court had authority to deny the motion even though the state did not object, we conclude that the record does not contain sufficient evidence for the trial court to have concluded that there is clear and convincing evidence that defendant's circumstances and behavior since the conviction created a risk to public safety.

ORS 137.225 provides, in part:

"(1)(a)   At any time after the person becomes eligible as described in paragraph (b) of this subsection, any person convicted of an offense who has fully complied with and performed the sentence of the court for the offense, and

---

[2] The parties' arguments further discuss that defendant had other 2009 convictions that may have been set aside under ORS 137.225 between the initial motion and the hearing in May 2022. The statutory framework provides that convictions that have been set aside can be considered when determining a defendant's eligibility for relief and that the conduct underlying the convictions may also be considered as part of the court's "circumstances and behavior" determination. *See* ORS 137.225(7)(c) (providing that "a conviction that has been set aside under this section shall be considered for the purpose of determining whether paragraph (b) of this subsection is applicable"); *see also State v. Kindred*, 314 Or App 280, 289, 499 P3d 835 (2021) (explaining that the text and history of the statute "shows that the legislature intended that set aside convictions would preclude defendants from having their motions granted"). Here, assuming that there were other 2009 convictions that were set aside at some point, those convictions were more than three years before his motion to set aside, and thus they do not affect defendant's eligibility for relief under ORS 137.225(7)(b)(C). The conduct underlying the convictions, however, can be considered in the court's "circumstances and behavior" determination if the conduct occurred after the conviction that defendant seeks to have set aside. ORS 137.225(3)(a).

whose conviction is described in subsection (5) of this section, by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction. A person who is still under supervision as part of the sentence for the offense that is the subject of the motion has not fully complied with or performed the sentence of the court.

"(b)   A person is eligible to file a motion under paragraph (a) of this subsection:

"* * * * *

"(C)   For a Class A misdemeanor, three years from the date of conviction or the release of the person from imprisonment for the conviction sought to be set aside, whichever is later.

"* * * * *

"(e)   Notwithstanding paragraph (b) of this subsection, a person whose sentence of probation was revoked may not apply to the court for entry of an order setting aside the conviction for which the person was sentenced to probation for a period of three years from the date of revocation or until the person becomes eligible as described in paragraph (b) of this subsection, whichever occurs later.

"* * * * *

"(2)(a)   A copy of the motion shall be served upon the office of the prosecuting attorney who prosecuted the offense, or who had authority to prosecute the charge if there was no accusatory instrument filed. The prosecuting attorney may object to a motion filed under subsection (1)(a) of this section and shall notify the court and the person of the objection within 120 days of the date the motion was filed with the court.

"* * * * *

"(3)(a)   If an objection is received to a motion filed under subsection (1)(a) of this section, the court shall hold a hearing, and may require the filing of such affidavits and may require the taking of such proofs as the court deems proper. The court shall allow the victim to make a statement at the hearing. If the person is otherwise eligible for relief under this section, the court shall grant the motion and enter an order as described in paragraph (b) of this subsection unless

the court makes written findings, by clear and convincing evidence, that the circumstances and behavior of the person, from the date of the conviction the person is seeking to set aside to the date of the hearing on the motion, do not warrant granting the motion due to the circumstances and behavior creating a risk to public safety. When determining whether the person's circumstances and behavior create a risk to public safety, the court may only consider criminal behavior, or violations of regulatory law or administrative rule enforced by civil penalty or other administrative sanction that relate to the character of the conviction sought to be set aside. The court may not consider nonpunitive civil liability, monetary obligations and motor vehicle violations. Upon granting the motion, the court shall enter an appropriate order containing the original arrest or citation charge, the conviction charge, if different from the original, the date of charge, the submitting agency and the disposition of the charge. Upon the entry of the order, the person for purposes of the law shall be deemed not to have been previously convicted, and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest, citation or charge."

ORS 137.225 was originally enacted with a "policy in favor of setting aside the convictions of qualified applicants rather than leaving the decision to judicial discretion." *State v. Langan*, 301 Or 1, 8, 718 P2d 719 (1986). That policy is further reflected in the recent amendments to the statute, which included an addition that, if the defendant is otherwise eligible for relief, the court shall grant the motion unless the court finds, "by clear and convincing evidence, that the circumstances and behavior of the person * * * do not warrant granting the motion due to the circumstances and behavior creating a risk to public safety." ORS 137.225(3)(a). By contrast, the prior version provided that the "court shall enter an appropriate order" if the court "determines that the circumstances and behavior of the applicant from the date of conviction, or from the date of arrest, citation or charge as the case may be, to the date of the hearing on the motion warrant setting aside the conviction." ORS 137.225(3) (2019), *amended by* Or Laws 2021, ch 486, § 1. Thus, the amendments indicate that the legislature intended to further favor setting aside by requiring a court to grant the motion unless

there is clear and convincing evidence that a defendant's behavior and circumstances create a risk to public safety.

Here, the paucity of evidence in the record makes it difficult to conclude that the trial court could determine—let alone by clear and convincing evidence—that defendant's behavior and circumstances created a risk to public safety. We have explained that clear and convincing evidence is evidence that "makes the existence of the fact highly probable" and "is of extraordinary persuasiveness." *E.g.*, *State ex rel Dept. of Human Services v. Hinds*, 191 Or App 78, 84, 81 P3d 99 (2003) (internal quotation marks omitted). We are, of course, mindful that we are not deciding the case in the first instance; rather, we are reviewing the court's determination. *See State v. M. J. F.*, 306 Or App 544, 548-50, 473 P3d 1141 (2020) (describing the three standards of proof and explaining that we do not substitute our assessment of the persuasiveness of the evidence when we review for legal error). Given the evidence before it, we conclude that the trial court as a matter of law could not have reached a determination based on the evidence in the record that it was highly probable that defendant's behavior and circumstances created a risk to public safety.

As noted earlier, the record before the trial court was minimal. Defendant submitted a declaration that he was eligible for relief, and the record included defendant's criminal history. Neither party offered any additional evidence for the court to consider. In making its ruling, the court focused on a lack of evidence, explaining that defendant "never addressed the domestic violence or alcohol abuse underlying the conviction." The statutory standard, however, does not place a burden on a defendant to offer evidence, let alone prove, that he addressed the underlying causes of his criminal behavior. Rather, the focus of the statutory framework is whether the court can make "written findings, by clear and convincing evidence, that the circumstances and behavior of the person, from the date of the conviction the person is seeking to set aside to the date of the hearing on the motion, do not warrant granting the motion due to the circumstances and behavior creating a risk to public safety." ORS 137.225(3)(a). Because defendant had no

burden in this regard, the absence of evidence does little to establish that the circumstances and behavior of defendant warrant denial of his motion.

Moreover, given that there was no other evidence of defendant's circumstances and behavior, it is unclear how the absence of that type of evidence, without connecting it to other evidence in the record, would constitute clear and convincing evidence that defendant's behavior created a risk to public safety at the time the court was adjudicating his motion. Indeed, as we explained in *Kindred*, to be disqualifying, a defendant's behavior "must (a) violate the law and (b) reflect adversely on the defendant's character." 314 Or App at 284. Additionally, although the court's order accurately noted that the record contains evidence that defendant was convicted of strangulation of the same victim that resulted in his probation in this case being revoked, that alone is insufficient to constitute clear and convincing evidence that defendant's behavior and circumstances created a risk to public safety.

The amendments to the statute regarding probation revocation further support our conclusion. ORS 137.225(1)(e) provides that, if a defendant's probation was revoked, the defendant may not move to set aside the conviction for a "period of three years from the date of revocation or until the person becomes eligible as described in paragraph (b) of this subsection, whichever occurs later." The statute, thus, contemplates that when a defendant's probation is revoked, the timeline to be eligible to set aside a conviction is extended but does not otherwise disqualify a defendant from relief based on a probation revocation. Moreover, under the prior version of the statute, defendants had to wait 10 years from the date of their probation revocation to be eligible to move to set aside their conviction. *See* ORS 137.225(1)(c) (2019), *amended by* Or Laws 2021, ch 486, § 1. The reduction of the 10-year waiting period to a three-year waiting period suggests a legislative intent to make the set-aside motion more available, not less, for defendants despite having had their probation revoked. In short, based on the text of the statute and the legislative intent of the set-aside framework, we conclude that, absent any other evidence of defendant's

behavior and circumstances since the conviction, evidence of a defendant's single probation revocation resulting in a conviction more than 10 years ago is insufficient to constitute clear and convincing evidence that defendant's behavior or circumstances create a risk to public safety. Because the parties do not dispute that defendant is otherwise eligible to have his conviction set aside, we reverse the trial court's denial of defendant's motion to seal records and to set aside his conviction for fourth-degree assault.

Reversed and remanded for entry of an order setting aside and sealing arrest record pursuant to ORS 137.225(3).