Submitted August 13, vacated and remanded for an entry of a corrected order of commitment September 30, 2015

In the Matter of D. Z.,
Alleged to be a Person with Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. Z.,
*Appellant.*

Wasco County Circuit Court
1400009MC; A157543

359 P3d 1246

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

Appellant seeks reversal of an order committing her for a period not to exceed 180 days. ORS 426.130. The trial court's written order indicates that the basis for the commitment is a finding that appellant is a "person with a mental illness" as defined under ORS 426.005(1)(e)(C) (a person with a chronic mental illness who has been committed twice for that mental illness within the previous three years and is exhibiting symptoms that, unless treated, will deteriorate so that the person will become a danger to self or others or unable to provide for basic needs). At the commitment hearing, however, the parties' arguments and the evidence concerned commitment under ORS 426.005(1)(e)(B) (because of a mental disorder, a person is "[u]nable to provide for basic personal needs and is not receiving such care as is necessary for health or safety"). The trial court also made an oral ruling at the hearing that found that, because of appellant's mental disorder, she was unable to care for her basic needs and that those needs were not being met by others. Accordingly, the trial court's oral ruling and written order of commitment are inconsistent. Appellant argues that the court's decision is controlling and not its oral ruling made at the conclusion at the hearing, as stated by the Supreme Court in *State v. Swain/Goldsmith*, 267 Or 527, 517 P2d 684 (1974). Thus, in her view, the order should be reversed because the evidence concerned a mental disorder and its effect on her ability to care for her basic needs, ORS 426.005(1)(e)(B), and the record lacked evidence to support the court's written finding that she was a "person with a mental illness" as defined under ORS 426.005(1)(e)(C).

The state points out that the trial court used a check-the-box form for its written order in which the choices were labeled by the statutory subsection number rather than the substance of the possible findings of mental illness under ORS 426.005(1)(e). Accordingly, the state contends that the finding in the written order was a misplaced "x" mark and, thus, a purely clerical error. The state further contends that the Supreme Court's rationale for its holding in *Swain/Goldsmith* is that a "judge may change his mind concerning the proper disposition between the time of a hearing and his final action which takes place when

he signs the order disposing of the matter," 267 Or at 530, and, therefore, because the time between the oral ruling and signing the written commitment order was virtually contemporaneous—a matter of minutes, or less—the trial court did not have enough time to change its mind. Consequently, the state asserts that the *Swain/Goldsmith* rule should not apply.

In general, we are bound by the written order of the trial court even though the record indicates that it meant to rule otherwise. *Id.* We have recognized, however, exceptions to that general rule. *See, e.g., State v. Rood,* 129 Or App 422, 426, 879 P2d 886 (1994) (we looked into the record "where, because of an obvious clerical error, the judgment is internally inconsistent and ambiguous on its face"). Here, the check-the-box form signed by the trial court was plainly susceptible to error in that it listed only statutory subsection numbers without indicating which findings applied to each; checking the incorrect box is an obviously, purely scrivener's mistake. Given these circumstances, we conclude that the written order and record can be examined to determine the trial court's intent.

All of the arguments and evidence and the trial court's comments indicated that the basis for commitment was appellant's inability to care for her basic personal needs, but the statutory subsection checked moments later by the trial court related to a basis that was not addressed during the hearing. We conclude that the trial court based its commitment of appellant upon a finding that she was unable to care for her basic personal needs. The written order is based on a scrivener's error and must be vacated.

Vacated and remanded for entry of a corrected order of commitment.