PER CURIAM
*423 *266 Appellant seeks reversal of a judgment committing appellant to the custody of the Mental Health Division for a period not to exceed 180 days, ORS 426.130, raising two assignments of error. We write only to address appellant's assignment of error that asserts that the record was insufficient to find that appellant is a person with a mental illness who because of a mental disorder is unable to care for appellant's basic needs. The state points out that (1) the trial court in its oral ruling determined that appellant was a person with a mental illness who, because of a mental disorder, is dangerous to self, and expressly disclaimed that it was making a basic-needs finding; (2) the trial court used a check-the-box form for its written judgment in which the choices were merely labeled by the statutory section number and did not specify the substance of the possible findings of mental illness under ORS 426.005(1)(e) ; and (3) the trial court checked the box for the statutory subsection ORS 426.005(1)(e)(B) (unable to provide for basic personal needs because of a mental disorder) and not ORS 426.005(1)(e)(A) (dangerous to self because of a mental disorder).[1] In such a case, the state asserts that the trial court misplaced the "x" mark and, therefore, relying on our decision in State v. D.Z. , 274 Or. App. 77, 359 P.3d 1246 (2015), contends that the judgment's misplaced "x" is an obvious scrivener's error that requires the judgment to be vacated and remanded for entry of a corrected judgment of commitment.
We agree with the state. The record clearly indicates that the trial court based its commitment of appellant upon a finding that appellant was dangerous to self. Like the trial court in D.Z. , the trial court here checked a box on a judgment form that was susceptible to error moments after it had made its oral ruling on a basis other than the one indicated in the judgment. We therefore conclude that the written judgment was based on a scrivener's error and must be vacated.
*267 Vacated and remanded for entry of a corrected judgment of commitment.

In addition to the form's susceptibility to error, the form incorrectly set out statutory subsections that, at the time of judgment, had been renumbered. That is, an amendment to ORS 426.005(1) in 2015 resulted in the renumbering of the subsections defining a person with mental illness from (1)(e) to (1)(f). Or. Laws 2015, ch. 461, § 1.