PER CURIAM
*740 Appellant seeks reversal of a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days, raising a challenge to the sufficiency of the state's proof that he is a person with mental illness within the meaning of ORS 426.005(1)(f). In its oral pronouncement at the commitment hearing, the court found that defendant was not a danger to himself, but that it was "going to find that he is a danger to others and order that he be committed." However, the judgment entered that same day, which is a check-the-box form, reflects the opposite: that appellant was committed under " ORS 426.005 (1)(f)(A) [dangerous to self]," but not as a danger to others. (Bracketed material in original.) On appeal, appellant argues that there is legally insufficient evidence to support a commitment on the "dangerous to self" basis stated in the *502 judgment; furthermore, he argues, "[s]hould this court conclude that the circuit court made a scrivener's error on its judgment and that it actually based its judgment on a finding that appellant was dangerous to others," then the record lacks legally sufficient evidence on that basis as well.
A recitation of the underlying facts of this case, and its procedural history, would not benefit the bench, the bar, or the public. It suffices to say that we agree with the state that the judgment contains a scrivener's error with regard to the basis for commitment, and that the record clearly indicates that the court based its commitment on a finding that appellant was dangerous to others. See State v. E. A. , 295 Or. App. 265, 433 P.3d 422 (2018) (describing a similar scrivener's error); State v. D. Z. , 274 Or. App. 77, 359 P.3d 1246 (2015) (same). We further conclude that the record contains legally sufficient evidence to support the court's commitment on that basis. We therefore vacate the commitment judgment and remand for entry of a judgment accurately reflecting the basis of commitment as "danger to others," but we otherwise affirm.[1] See E. A. , 295 Or. App. at 266, 433 P.3d 422 (vacating and remanding for entry of a judgment correcting a scrivener's *741 error with regard to the basis for commitment); D. Z. , 274 Or. App. at 80, 359 P.3d 1246 (reaching the same disposition).
Vacated and remanded for entry of a corrected judgment of commitment; otherwise affirmed.

The trial court separately entered an order prohibiting appellant from purchasing or possessing firearms under ORS 426.130(1)(a)(D). Our decision does not disturb that order.