Submitted December 2, affirmed December 29, 2022

In the Matter of M. D. D.,
a Person Alleged to have Mental Illness.
## STATE OF OREGON,
*Respondent,*

*v.*

## M. D. D.,
*Appellant.*

### Josephine County Circuit Court
21CC05793; A177365

523 P3d 1152

Appellant appeals a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days, based on his being a danger to self or others due to a mental disorder. Appellant was placed on an emergency hold on Sunday, October 10, and his commitment hearing was held on Monday, October 18. In his sole assignment of error, appellant contends that the trial court plainly erred by failing to dismiss his case because the commitment hearing was not held within "five judicial days" as required by ORS 426.232(2) and calculated under ORS 174.120. Appellant contends that the first "judicial day" in the calculation was Monday, October 11, while the state contends that the first "judicial day" in the calculation was Tuesday, October 12. The parties' disagreement turns on the provision in ORS 174.120(2) regarding not counting "the day on which the specified period begins to run," as applied when the hold begins on a Sunday. *Held*: The trial court did not plainly err by not dismissing appellant's case, because it is reasonably in dispute and not obvious how the "five judicial days" should be calculated in these circumstances, such that any error is not plain.

Affirmed.

Pat Wolke, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Affirmed.

## AOYAGI, J.

Appellant appeals a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days, and prohibiting him from purchasing or possessing firearms, based on his being a danger to self or others due to a mental disorder. In his sole assignment of error, appellant contends that the commitment hearing was not held within five judicial days of his being placed on an emergency hold, as required by ORS 426.232(2), and that the trial court therefore plainly erred by failing to dismiss the case.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is plain when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is plain is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

The third requirement for plain error is met. The relevant facts are apparent on the record without having to choose among competing inferences. On Sunday, October 10, 2021, appellant was detained on a physician's hold, pursuant to ORS 426.232(1), and was given an advice of rights on the same date. His commitment hearing was set for Monday, October 18, 2021, and held on that date.

The first requirement for plain error is also met. The alleged error depends on statutory construction, which is a question of law that we review for errors of law. *See Arrowood Indemnity Co. v. Fasching*, 369 Or 214, 251, 503 P3d 1233 (2022).

The parties disagree as to whether the second requirement for plain error is met, *i.e.*, whether the legal point is obvious and not reasonably in dispute. Appellant contends that it is, while the state contends that it is not. We agree with the state.

ORS 426.232(1) allows for emergency detention of a person believed to have a mental illness in certain

circumstances. "However, under no circumstances may the person be held for longer than five judicial days." ORS 426.332(2). How to calculate "five judicial days" is governed by ORS 174.120. *See* ORS 174.120(4) (ORS 174.120 applies "to time limitations established by statutes of limitation and other procedural statutes governing civil and criminal proceedings."); *State v. L. O. W.*, 292 Or App 376, 377, 424 P3d 789 (2018) (citing to ORS 174.120 with respect to "five judicial days" in ORS 426.232).

The portion of ORS 174.120 relevant to this appeal provides:

"(1)   The time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by *excluding the first day* and *including the last day, unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded.*

"(2)   For the purposes of determining whether a person has complied with a statutory time limitation governing an act to be performed in a circuit court, the Oregon Tax Court, the Court of Appeals or the Supreme Court, *the time prescribed by law for the performance of the act does not include the day on which the specified period begins to run.* The designated period does include the last day unless the last day is:

"(a)   A legal holiday or Saturday;

"(b)   A day on which the court is closed for the purpose of filing pleadings and other documents;

"(c)   A day on which the court is closed by order of the Chief Justice, to the extent provided by the order; or

"(d)   A day on which the court is closed before the end of the normal hours during which pleadings and other documents may be filed.

"(3)   If the last day of a designated period is excluded under the provisions of subsection (2) of this section, the act must be performed on the next day that the court is open for the purpose of filing pleadings and other documents."

(Emphases added.)

Appellant asserts that he was held longer than five judicial days. By appellant's calculation, Sunday, October 10

is excluded as the "first day," ORS 174.120(1); the first judicial day was Monday, October 11; the second judicial day was Tuesday, October 12; the third judicial day was Wednesday, October 13; the fourth judicial day was Thursday, October 14; and the fifth judicial day was Friday, October 15, which was the "last day," and which is counted because it was not a Saturday or legal holiday, ORS 174.120(1). It follows, in appellant's view, that he could only be held until October 15 and that the trial court plainly erred in not dismissing the case when appellant did not receive a hearing by that date.

The state responds that defendant is incorrect or that, at the least, the legal point is reasonably in dispute and not obvious. By the state's calculation, Sunday, October 10 is not counted because it was not a "judicial day," and ORS 426.232(2) allows a person to be held for "five judicial days"; Monday, October 11 is excluded as "the day on which the specified period begins to run," ORS 174.120(2); the first counted judicial day was Tuesday, October 12; the second judicial day was Wednesday, October 13; the third judicial day was Thursday, October 14; the fourth judicial day was Friday, October 15; Saturday, October 16 is excluded as a Saturday, under both ORS 174.120(1) and (2); Sunday, October 17 is excluded as a legal holiday, ORS 174.120(1) and (2)(a), and as a day on which the court was closed for filing, ORS 174.120(2)(b); and the fifth judicial day was Monday, October 18, which is the date on which appellant's commitment hearing was held.

The parties' disagreement comes down to whether "the day on which the specified period beg[an] to run," ORS 174.120(2), was Sunday, October 10, or Monday, October 11. The answer to that question determines whether the first of the "five judicial days" was Monday, October 11, or Tuesday, October 12. Defendant has not responded to the state's statutory construction argument, and, based on the arguments that have been made, it is reasonably in dispute and not obvious which construction is correct.[1] The alleged error therefore is not "plain." *See Dept. of Human Services v. M. E.*,

---

[1] We note that, as we understand the parties' arguments, the disputed point of construction would only affect the calculation when the hold begins on a Saturday, Sunday, or legal holiday.

297 Or App 233, 244, 441 P3d 713 (2019) (concluding that a legal point relating to statutory construction was not "obvious" where it presented a "question of first impression without an obvious answer" and that any error therefore was not plain).

Affirmed.