No. 161          February 26, 2025          259

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. R. F.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. R. F.,
*Appellant.*

Baker County Circuit Court
22CC06167; A180003

Matthew B. Shirtcliff, Judge.

Submitted December 21, 2023.

Christopher J. O'Connor and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Mooney, Senior Judge.

SHORR, P. J.

Judgment of commitment vacated and remanded for entry of a corrected judgment; order prohibiting purchase or possession of firearms reversed; otherwise affirmed.

**SHORR, P. J.**

Appellant appeals from a judgment involuntarily committing him for psychiatric treatment for a period of 180 days and a supplemental order prohibiting him from purchasing or possessing firearms, based on the trial court's findings that, as a result of a mental illness, he is a danger to others and is unable to provide for his own basic needs. *See* ORS 426.130(1)(a)(C); ORS 426.005(1)(f)(A), (B). Appellant raises three assignments of error: (1) that the court plainly erred in holding the commitment hearing more than five judicial days after the physician's hold began; (2) that the order committing him cites the incorrect statutes and committed him to the wrong authority and that there was insufficient evidence to support the findings that he is a danger to others and is unable to provide for his basic needs; and (3) that the court plainly erred in issuing a subsequent order prohibiting appellant from purchasing or possessing firearms. The state concedes that the court plainly erred in issuing the firearm prohibition without providing appellant with notice. We agree and exercise our discretion to correct the error. We otherwise affirm on appellant's substantive assignments of error except insofar as the judgment of commitment contains scrivener's errors that shall be corrected on remand.

*Timing of hearing.* Appellant was initially taken to the emergency room (ER) on a crisis team director's hold on October 3, 2022. He was admitted to the ER, but the physicians there declined to continue the mental health hold and appellant left the hospital. The crisis team attempted to reengage with appellant and convince him to return to the hospital. When he refused, a second director's hold was initiated on October 4, and appellant was returned to the ER late that night. A physician's hold was completed at 11:41 p.m. on October 4. Appellant remained hospitalized until a commitment hearing was held on October 12.

Appellant asserts that he was held for more than five judicial days without a hearing, contrary to ORS 426.232(2). As an initial matter, we reject appellant's assertion that the hold began on October 3. The ER physician declined to continue the hold and appellant left the hospital and was not

restrained in his liberty until he was brought in again on the October 4 hold. We therefore consider the operative hold to have begun on October 4.

Appellant argues that October 4, as the day the hold was initiated, is not counted in the five-day calculation. October 5, a Wednesday, was day one; October 6 was day two; October 7 was day three; October 8 and 9 were the weekend and therefore nonjudicial days; Monday October 10 was day four; and Tuesday October 11 was day five. The hearing was held on October 12, and therefore occurred outside the statutorily proscribed five days, according to appellant.

Appellant acknowledges that he failed to raise this issue before the trial court. He therefore requests plain error review. An error is plain when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

The state offers an alternative method of counting the five-day period, arguing that the competing interpretations render the error here not plain because the legal point is not obvious and is reasonably in dispute. The state points to *Osborne v. Zimmerman*, 165 Or 92, 100, 105 P2d 1097 (1940), which held that, in computing the time within which an act must be completed, the courts have "invariably excluded the first day on which an act could be done." Because the October 4 hold was placed at 11:41 p.m., no judicial action was possible in the final nineteen minutes of the day, despite it having been a business day. The first day any action could have been initiated in the courts was October 5. Relying on *Osborne*, the state asserts that October 5 is excluded, making the five judicial days October 6, 7, 10, 11, and 12, with the hearing occurring lawfully on the fifth judicial day.

We agree with the state that any error is not plain. In *State v. M. D. D.*, 323 Or App 442, 523 P3d 1152 (2022), we considered a similar unpreserved argument in the context of a hold that was initiated on a Sunday, with the parties disagreeing over whether the following Monday was the

first of the five judicial days, or whether it was excluded as "the day on which the specified period begins to run." *Id.* at 445 (considering competing interpretations of ORS 174.120, the statute governing how to calculate the five judicial days). We concluded that it was "reasonably in dispute and not obvious" which construction was correct, and therefore the alleged error was not plain. *Id.*

Similarly, here, the state has at least advanced a plausible interpretation for the calculation of judicial days following a hold that occurs outside of business hours such that any claimed error is not obvious. *See M. D. D.*, 323 Or App at 443 (stating that to be plain error, the legal point must be obvious and not reasonably in dispute). We therefore conclude that any error is not plain and do not reach the merits.

*Sufficiency of the evidence.* We now turn to appellant's argument that the evidence was insufficient for the trial court to determine that he was a danger to others or unable to provide for his basic needs.

We are bound by the trial court's findings of historical fact that are supported by any evidence in the record. *State v. B. B.*, 240 Or App 75, 77, 245 P3d 697 (2010). We consider the sufficiency of the evidence "in the light most favorable to the state to determine whether any rational trier of fact, accepting reasonable inferences and credibility choices, could have found [the] appellant to be a danger to himself or others by clear and convincing evidence." *State v. J. D. S.*, 242 Or App 445, 448, 263 P3d 1017 (2011). "Whether the evidence is sufficient to support a determination that [the] appellant is a danger to others is a question we review as a matter of law." *State v. C. L.*, 313 Or App 539, 542, 495 P3d 748 (2021).

Having reviewed the record, we conclude that a reasonable fact finder could find, by clear and convincing evidence, that appellant was a danger to others.[1] Treating providers, the mental health investigator, and multiple neighbors testified to appellant's increasingly troubling and threatening behavior in the months leading up to his

---

[1] Appellant does not challenge the finding that he has a mental disorder.

commitment. Appellant engaged in multiple incidents of yelling at and threatening his neighbors. On two occasions he was seen holding or wielding weapons, including a sword and a bat. He twice threw things at his neighbors' homes, one time breaking a window with a brick (and cutting people inside with broken glass) and once throwing a hammer at a house. The escalating nature of appellant's threatening behavior, his conduct that caused physical injuries, and his deteriorating mental state, when considered together, support the finding that he was a danger to others because of his mental disorder.[2]

We further conclude that the issues appellant identifies with the language of the order are scrivener's errors and do not render the commitment invalid. The handwritten additions make clear the bases upon which the court was committing appellant, consistent with the oral findings at the hearing, despite the outdated form using the former subsections of the statute. *Compare former* ORS 426.005(1)(d) (2007) (defining mentally ill person) *with* ORS 426.005(1)(f) (defining person with mental illness). Similarly, the reference to committing appellant to the "Oregon Mental Health and Developmental Disability Services Division" is likewise a result of the outdated form and an earlier version of ORS 426.130(1) that directed commitment to be to that division, as opposed to the current version of the statute directing commitment to the Oregon Health Authority. *Compare former* ORS 426.130(1)(b)(C) (1999) (individuals committed to the Mental Health and Developmental Disability Services Division for treatment) *with* ORS 426.130(1)(a)(C) (individuals committed to the Oregon Health Authority for treatment). However, the errors do warrant remand for entry of a corrected judgment reflecting the current statutory basis for commitment and the current committing authority. *See State v. D. Z.*, 274 Or App 77, 359 P3d 1246 (2015) (vacating and remanding for entry of a corrected order of commitment when error on check box judgment form was clear scrivener's error based on the record).

---

[2] Because the record was sufficient to support that finding, we need not address the court's finding that appellant was unable to provide for his basic needs.

*Firearms prohibition.* In a separate order from the one committing appellant, the court ordered that appellant be prohibited from purchasing or possessing firearms. We agree with the parties that the court plainly erred by entering the firearm prohibition order without providing appellant with notice that the firearm prohibition was at issue in his commitment hearing. We exercise our discretion to correct the plain error and reverse the firearm prohibition order.

Judgment of commitment vacated and remanded for entry of a corrected judgment; order prohibiting purchase or possession of firearms reversed; otherwise affirmed.