612 April 9, 2025 No. 319

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN ALEXANDER GRANT,
*Defendant-Appellant.*

Washington County Circuit Court
C071819CR; A181681

Brandon M. Thompson, Judge.

Submitted January 22, 2025.

Andy Simrin and Andy Simrin PC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from an order denying his motion to set aside a conviction under ORS 137.225. Defendant argues that the court erred in denying his motion because, under that statute, (1) the state's objection to his motion was untimely, and, in the absence of an objection, the court was required to grant defendant's motion; and (2) the court was forbidden from considering defendant's unpaid restitution as a factor in denying his motion.[1] We conclude that, because defendant had not "fully complied with and performed the sentence of the court" for the conviction—a threshold requirement for consideration of a motion to set aside under ORS 137.225(1)(a)—the trial court correctly denied defendant's motion. Accordingly, we affirm.

In 2007, defendant pleaded guilty to first-degree aggravated theft. Based on that conviction, the trial court ordered defendant to pay restitution in the amount of $37,369. In October 2022, defendant moved to set aside the conviction. *See* ORS 137.225(1)(a) ("At any time after the person becomes eligible as described in paragraph (b) of this subsection, any person convicted of an offense who has fully complied with and performed the sentence of the court for the offense, and whose conviction is described in subsection (5) of this section, by motion may apply to the court * * * for entry of an order setting aside the conviction."). In March 2023, defendant filed a supplemental motion to set aside, asserting that his motion should be granted because the state failed to state an objection within 120 days. *See* ORS 137.225(2)(a) ("The prosecuting attorney may object to a motion filed under subsection (1)(a) of this section and shall notify the court and the person of the objection within 120 days of the date the motion was filed with the court."); ORS 137.225(3)(b) ("The court shall grant a motion filed under subsection * * * (1)(a) of this section if no objection to the motion is received[.]").

---

[1] Defendant also argues that the trial court plainly erred in reconsidering an earlier ruling that granted defendant's motion. Given the broad latitude afforded to trial courts in reconsidering their own rulings, we find no error, let alone plain error. *See State v. Langley*, 363 Or 482, 521, 424 P3d 688 (2018), *adh'd to as modified on recons*, 365 Or 418, 446 P3d 542 (2019), *cert den*, 141 S Ct 138 (2020) ("Generally a trial court has broad discretion in determining whether to reconsider its earlier rulings[.]").

A few days later, the state filed an objection to defendant's motion, arguing that defendant had not "fully complied with and performed the sentence of the court," as required by ORS 137.225(1)(a), because he still owed $25,812.07 in restitution. At a hearing on defendant's motion to set aside in May 2023, defendant argued that because the state's objection was untimely, "there hasn't been a lawful objection," and thus the court was required to grant the motion under ORS 137.225(3)(b). He also argued that "monetary obligations cannot constitute a basis for objecting" to a set-aside motion. *See* ORS 137.225(3)(a) (requiring the court to grant a defendant's motion if "the person is otherwise eligible," unless the court makes "written findings * * * that the circumstances and behavior of the person" create a "risk to public safety," and precluding the court from considering "monetary obligations" in that determination). The court granted defendant's motion, finding that "the state's objection is both untimely and is not well taken * * * under the statute."

A few weeks later, the trial court held another hearing. The court indicated that it had learned that granting defendant's motion to set aside the conviction would deprive the victim of a remedy and that a civil judgment is not adequate because "the victim [would] have to enforce to collect." The trial court reversed its earlier decision and entered an order denying defendant's motion because setting aside the conviction would violate the victim's rights under Article I, section 42(1)(d) of the Oregon Constitution.[2]

We review a trial court's ruling on a motion to set aside a conviction under ORS 137.225 for legal error. *State v. Kindred*, 314 Or App 280, 283, 499 P3d 835 (2021). A defendant bears the burden to establish that they have satisfied the statutory criteria under ORS 137.255 such that they are eligible to file a motion to set aside. *State v. Langan*, 301 Or 1, 5, 718 P2d 719 (1986).

We understand defendant on appeal to contend, as he did below, that: (1) because the state's objection was

_____

[2] Article I, section 42(1)(d) guarantees victims in criminal prosecutions the right "to receive prompt restitution from the convicted criminal who caused the victim's loss or injury[.]"

untimely under ORS 137.225(2)(a), there was effectively no objection, and in the absence of an objection, the court was required to grant defendant's motion under ORS 137.225(3)(b); and (2) ORS 137.225(3)(a) precluded the trial court from considering "monetary obligations"—*i.e.*, his unpaid restitution—as a factor that warranted denial of the motion.[3] Defendant's argument as to that latter point is brief: ORS 137.225(3)(a) "expressly forbids a court from considering 'monetary obligations'" in determining whether to grant a motion to set aside.

Before addressing defendant's arguments, we begin with a brief overview of ORS 137.225 to provide a framework and to clarify the questions presented. ORS 137.225(1)(a) sets forth the threshold eligibility requirements for a motion to set aside a conviction:

> "At any time after the person becomes eligible as described in paragraph (b) of this subsection, any person convicted of an offense who has fully complied with and performed the sentence of the court for the offense, and whose conviction is described in subsection (5) of this section, by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction."

ORS 137.225(1)(a); *see also State v. Long-Ellis*, 330 Or App 414, 417, 543 P3d 761 (2024) (describing the requirement under ORS 137.225(1)(a) that a defendant fully comply with and perform the sentence of the court as an "eligibility criterion"); *Langan*, 301 Or at 8 (one of the "preconditions for a motion to set aside a conviction" is that "the applicant must have 'fully complied with and performed the sentence of the court'").

Thus, the initial question is whether defendant satisfies the eligibility criteria listed in ORS 137.225(1)(a),

---

[3] Because we resolve the issue on appeal under the statute, we do not address the parties' arguments with respect to the trial court's conclusion that granting defendant's motion would violate the victim's state constitutional rights. *See Rico-Villalobos v. Giusto*, 339 Or 197, 205, 118 P3d 246 (2005) ("[I]f statutory sources of law provide a complete answer to the legal question that a case presents, we ordinarily decide the case on that basis, rather than turning to constitutional provisions."); *Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021), *rev den*, 369 Or 338 (2022) (we may affirm on an alternative basis when the argument was made in the trial court, presented again on appeal, and raises a question of law).

including whether he has "fully complied with and per-formed the sentence of the court." Whether defendant sat-isfied that particular criterion was disputed below and on appeal. We therefore address that question before address-ing defendant's arguments based on the other provisions of the statute, because those provisions apply only when a person is otherwise eligible to file a motion under ORS 137.225(1)(a).

That question presents an issue of statutory inter-pretation and requires us to determine whether, because defendant still owed restitution, he had not "fully complied with and performed the sentence of the court" for the pur-poses of ORS 137.225(1)(a). In interpreting a statute, we first examine the statute's text and context, and then consider any relevant legislative history to the extent that it is useful to the analysis, with the goal of giving effect to the intent of the legislature. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with the plain text of ORS 137.225, which does not define "sentence." ORS chapter 137 similarly does not define that term. When the legislature does not expressly define a word, dictionary definitions can be useful. *Jenkins v. Board of Parole*, 356 Or 186, 194, 335 P3d 828 (2014). As relevant here, "sentence" is defined as "a decision or judi-cial determination of a court" such as "the order by which a court or judge imposes punishment or penalty upon a per-son found guilty." *Webster's Third New Int'l Dictionary* 2068 (unabridged ed 2002). *Black's Law Dictionary* defines "sen-tence" as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." *Black's Law Dictionary* 1636 (11th ed 2019).

In light of those definitions, restitution, which is a "sanction" imposed in a judgment on a "person *** con-victed of a crime," appears to fall within the definition of "sentence." *See* ORS 137.106(1)(a) ("When a person is con-victed of a crime, *** [i]f the court finds from the evidence presented that a victim suffered economic damages, in addi-tion to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that

the defendant pay the victim restitution \*\*\*.”). Additionally, Oregon caselaw has consistently characterized restitution as a penalty or punishment that is part of a criminal sentence. *See State v. Dillon*, 292 Or 172, 179-80, 637 P2d 602 (1981) (restitution is “an aspect of criminal law” and “the statute’s purposes are penal”); *State v. Ramos*, 358 Or 581, 599 n 11, 368 P3d 446 (2016) (“Restitution is a penalty that serves a penal purpose.”); *State v. Carachuri*, 330 Or App 443, 445, 544 P3d 410, *rev den*, 372 Or 588 (2024) (“The [restitution] statute is \*\*\* a criminal statute that mandates restitution under certain circumstances as part of a criminal sentence.”); *Doe v. Medford School Dist. 549C*, 232 Or App 38, 55, 221 P3d 787 (2009) (“Also relevant to our analysis of the statute is any prior judicial construction of it or related statutes.”). Thus, the plain text of the set-aside and restitution statutes indicates that the legislature intended to include restitution in its reference to a criminal defendant’s sentence.[4]

The legislative history of the restitution statute, as discussed in our caselaw, also supports that proposition. *See Dillon*, 292 Or at 178 (examining the legislative history of the restitution statute and concluding that “restitution is a sentencing device authorized instead of, or in addition to, incarceration”). With respect to any relevant legislative history about ORS 137.225 (the set-aside statute), the state offers a statement from Carl Macpherson, the Executive Director of Metropolitan Public Defender Services, Inc., who testified in support of SB 397, the bill that enacted amendments to the statute in 2021.[5] In written testimony, Macpherson stated that “SB 397 does not change the current requirement that set-asides are only available to those who have ‘completed the sentence of the court.’ \*\*\* This includes \*\*\* paying restitution[.]” Testimony, Senate Committee on Judiciary and Ballot Measure 110 Implementation, SB 397, Feb 23, 2021 (statement of Carl Macpherson, Executive Director of Metropolitan Public Defender Services). That statement,

---

[4] We recognize that restitution is also civil in nature. *See Carachuri*, 330 Or App at 445 (Restitution awards “serve both criminal and civil purposes.”).

[5] One of those amendments included the text in subsection (3)(a) that a court may not consider “monetary obligations” in determining whether a person’s circumstances and behavior create a risk to public safety. *See* Or Laws 2021, ch 486, § 1.

which we acknowledge is from a nonlegislator and thus should be weighted accordingly, is consistent with the plain text of the statute.

Thus, the plain text and legislative history of the set-aside and restitution statutes lead us to conclude that a judgment ordering a criminal defendant to pay restitution based on the underlying conviction is part of the defendant's sentence within the meaning of ORS 137.225(1)(a). Accordingly, because defendant owed outstanding restitution, he had not "fully complied with and performed the sentence of the court" and was not eligible to file a motion to set aside under ORS 137.225(1)(a).

That conclusion, in turn, disposes of defendant's argument that the court was required to grant the motion because the state's objection was untimely. Defendant maintains that ORS 137.225(3)(b) required the court to grant the motion because it provides that the court "shall grant" the motion if no objection is received. But that paragraph applies only if a person is eligible in the first instance to have their conviction set aside. *See* ORS 137.225(3)(b) ("The court shall grant a motion *filed under * * * subsection (1)(a) of this section* if no objection to the motion is received." (Emphasis added.)); ORS 137.225(1)(a) (Any person who has "fully complied with and performed the sentence of the court" and is otherwise eligible "by motion may apply * * * for entry of an order setting aside the conviction."). Only when a defendant meets the threshold eligibility requirements of ORS 137.225(1)(a) does paragraph (3)(b) require a court to grant the motion in the absence of an objection. We do not think that the legislature intended for a person who is ineligible to file a motion under ORS 137.225(1)(a) to nonetheless be entitled to have their conviction set aside in the event that the state does not object to or move to strike the improperly filed motion—nor is there any statutory language to that effect. Thus, timely objection or not, defendant did not meet the threshold eligibility requirements for the motion to set aside, and the court did not err in denying the motion notwithstanding the untimely objection.

Defendant's argument that the trial court was precluded from considering his restitution because it represents

a "monetary obligation" under ORS 137.225(3)(a) is similarly unavailing. That subsection provides:

> "If the person is otherwise eligible for relief under this section, the court shall grant the motion and enter an order as described in paragraph (b) of this subsection unless the court makes written findings, by clear and convincing evidence, that the circumstances and behavior of the person *** do not warrant granting the motion due to the circumstances and behavior creating a risk to public safety. When determining whether the person's circumstances and behavior create a risk to public safety, the court may only consider criminal behavior, or violations of regulatory law or administrative rule enforced by civil penalty or other administrative sanction that relate to the character of the conviction sought to be set aside. The court may not consider nonpunitive civil liability, monetary obligations and motor vehicle violations."

ORS 137.225(3)(a). In other words, when a person *is eligible to file* a motion to set aside a conviction, the state may object on grounds that setting aside the conviction would endanger public safety. In considering that objection, a court may not consider "monetary obligations." As explained above, defendant was not eligible to file a motion to set aside his conviction, and thus the court was not assessing, under (3)(a), whether to grant or deny that motion. Therefore, paragraph (3)(a)'s prohibition on the consideration of "monetary obligations" was not relevant to the court's analysis below.

Affirmed.