772 May 29, 2025 No. 470

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL BRIAN KENNON,
*Defendant-Appellant.*

Baker County Circuit Court
20CR69817; A183829

Matthew B. Shirtcliff, Judge.

Submitted April 11, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals a judgment revoking probation. He challenges a sentencing provision included in the judgment but not announced in open court. We remand for resentencing and otherwise affirm.[1]

The parties stipulated to a downward dispositional departure sentence of five years of probation with a suspended upward durational departure sentence of 24 months in prison. When defendant's probation was subsequently revoked, the court imposed the suspended sentence. At sentencing, the trial court announced that defendant was "entitled to any credit for time served," but the judgment it entered provided that defendant would receive credit for time served only "since his most recent arrest." Defendant contends that this judgment either contains a scrivener's error or imposes a harsher sentence that was not announced in open court. *See State v. Priester,* 325 Or App 574, 581, 530 P3d 118 (2023), *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court."); *see In re D.Z.*, 274 Or App 77, 80, 359 P3d 1246 (2015) (vacating and remanding for entry of a corrected order of commitment where the trial court made a scrivener's error).

The state concedes the error. We agree with and accept the state's concession.

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.