No. 719 August 6, 2025 539

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. D.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. D.,
*Appellant.*

Multnomah County Circuit Court
24CC01877; A184105

Erin E. Kirkwood, Judge.

Argued and submitted April 11, 2025.

Liza Langford argued the cause and filed the brief for appellant.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and DeVore, Senior Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Appellant seeks reversal of both the trial court's general judgment civilly committing him to the Oregon Health Authority (OHA) for up to 180 days on the ground that he is a danger to others and the supplemental order prohibiting him from possessing firearms. On appeal, he raises two assignments of error: first, he asserts that the evidence was insufficient to establish that his mental disorder made him a danger to others; and second, in an unpreserved posture, he contends that the court erred by not dismissing the case because the hearing was not held within five days of the physician's second hold in violation of ORS 426.232(2) and ORS 426.095(2) and appellant's due process rights. As explained below, we affirm.

We view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome. *State v. S. R. J.*, 281 Or App 741, 743, 386 P3d 9 (2016). In so doing, we are bound by the court's findings of historical fact that are supported by any evidence in the record. *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020). Because the parties are familiar with the underlying procedural and factual background, we do not provide a recitation of the facts for this nonprecedential memorandum opinion.

First, the record in this case is legally sufficient to support the trial court's determination that appellant was a danger to others. Appellant suffers from bipolar I disorder with psychotic features and the decompensation of his condition was due to his mental illness. His condition worsened and his behavior became aggressive such that he attacked others, including putting his hands around another patient's neck, grabbing nurses, posturing, and chasing nurses. His attending provider testified that appellant's aggressive behavior was related to his delusions, which were a symptom of his mental illness. In short, because the evidence shows that appellant's violent and aggressive behavior extended beyond hospital staff and included a fellow patient, and because there was testimony to support the

court's determination that there was a nexus between his bipolar disorder and his aggression, we reject appellant's first assignment of error.

Second, appellant's claim that the hearing was not held within five days of the physician's hold is unpreserved, and he does not request plain error review. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that "we ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so"). Moreover, even if we were to reach the merits, appellant's argument is unpersuasive because of the undisputed factual circumstances.

A person may be placed in a mental health hold "if the court finds that there is probable cause to believe that the failure to take the person into custody pending the investigation or hearing would pose serious harm or danger to * * * others." ORS 426.070(5)(b)(A).[1] ORS 426.095(2)(b) requires that the trial court hold a hearing within five judicial days for a person detained by a mental health hold. Further, "if a postponement is requested by the person or legal counsel of the person" alleged to have the mental illness, the hearing is postponed for no more than five judicial days to allow for preparation of the hearing. ORS 426.095(2)(c). If the hearing is postponed and the person is detained, the court may order "for the care and custody of" the person for that postponement period. *Id*.

ORS 174.120 governs how to calculate five judicial days, which excludes the first day and includes the last day, unless the last day falls upon any legal holiday or on Saturday, in which the last day is also excluded. *See State v. M. D. D.*, 323 Or App 442, 444, 523 P3d 1152 (2022) (explaining the timing provisions in ORS 174.120). Here, the hearing was held within five days of the hold in compliance with ORS 426.095(2)(b). Appellant filed a motion to postpone the hearing, which the court granted, and the hearing was held within five judicial days of the requested postponement in accordance with ORS 426.095(2)(c). Further, because

---

[1] ORS 426.070 was recently amended by Or Laws 2025, ch ___, § ___ (House Bill 2005 § 6 (2025)); however, those amendments do not take effect until January 1, 2026. *See* HB 2005 (2025) at § 66.

appellant's legal counsel requested postponement, the court had discretion to detain appellant during the postponement period. *See id.* (providing that "the court, for good cause, may allow the person to be detained during the postponement if the postponement is requested by the person or the legal counsel of the person"). In short, given the underlying factual circumstances, appellant's argument provides no basis for relief on appeal both because it is unpreserved and fails to account for the undisputed factual record.

Affirmed.