No. 1015          November 26, 2025          235

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LACEY NEAL KUXHAUSEN,
*Defendant-Appellant.*

Clatsop County Circuit Court
051455; A183328

Dawn M. McIntosh, Judge.

Submitted May 20, 2025.

Ross C. Sutherland and Arneson, Stewart, & Styarfyr, P.C., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Vacated and remanded for entry of a corrected order; otherwise affirmed.

**O'CONNOR, J.**

Defendant appeals from an order denying her motion to set aside a record of arrest and convictions under ORS 137.225. Defendant raises four assignments of error on appeal. In defendant's first assignment of error, she argues that the trial court erroneously granted a hearing on the state's objection after having received a notice of no objection by the state. In defendant's second assignment of error, she argues that the trial court erred when it found that she was precluded from relief because she had been "charged or convicted with another crime." In defendant's third assignment of error, she argues that the trial court erred when it found that her circumstances and behavior did not warrant granting the motion. In defendant's fourth assignment of error, she argues that the trial court erroneously denied the motion to set aside the record of arrest and charges on counts that had been dismissed. For the reasons that follow, we affirm the denial of defendant's motion. However, we vacate and remand the order so the trial court can correct a scrivener's error in the order.

The relevant facts are few and undisputed. Defendant was convicted of four misdemeanor computer crimes in 2006 in Clatsop County. Defendant filed a motion under ORS 137.225 to set aside the arrests and convictions for those four computer crimes on September 5, 2023. At that time, she met all relevant eligibility criteria under ORS 137.225. The state sent a letter to the trial court on September 29, 2023, indicating that it had no objection to the motion to set aside.

Ten days later, the state sent another letter stating that it changed its position and it objected to the motion based on newly acquired information about an ongoing criminal investigation of defendant in Douglas County. And on October 18, 2023, the Douglas County District Attorney filed an information against defendant that charged her with 36 criminal offenses.

The trial court held a hearing on the motion to set aside on January 4, 2024, and subsequently issued its order denying the motion.

In defendant's first assignment of error, she argues that the trial court erroneously granted a hearing on the state's objection after having received a notice of no objection by the state. Specifically, defendant argues that when the state sent the initial letter on September 29, it filed "no objection" to the motion, and ORS 137.225(3)(b) required the trial court to grant the motion. The state responds that ORS 137.225(2)(a) permits the state to notify the court of its objection within 120 days, that it did so after learning of new information, and that the trial court correctly held a hearing on the motion under ORS 137.225(3)(a). The state relies on the text of that provision, which provides that "[i] f an objection is received to a motion filed under subsection (1)(a) of this section, the court shall hold a hearing[.]" ORS 137.225(3)(a).

We begin our discussion with an overview of the set aside statute, ORS 137.255. "ORS 137.255(1)(a) sets forth the threshold eligibility requirements for a motion to set aside a conviction[.]" *State v. Grant*, 339 Or App 612, 615, 570 P3d 274 (2025). It provides, in relevant part:

> "(1)(a)  At any time after the person becomes eligible as described in paragraph (b) of this subsection, any person convicted of an offense who has fully complied with and performed the sentence of the court for the offense, and whose conviction is described in subsection (5) of this section, by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction."

ORS 137.225. Under ORS 137.255(2)(a), "[t]he prosecuting attorney may object to a motion filed under subsection (1) (a) of this section and shall notify the court and the person of the objection within 120 days of the date the motion was filed with the court."

ORS 137.255(3) also provides that the trial court shall hold a hearing if the court receives an objection to the motion, or grant the motion if no objection is received and the defendant is otherwise eligible:

> "(a)  If an objection is received to a motion filed under subsection (1)(a) of this section, the court shall hold a hearing, and may require the filing of such affidavits and may

require the taking of such proofs as the court deems proper.
\*\*\* If the person is otherwise eligible for relief under this
section, the court shall grant the motion and enter an order
as described in paragraph (b) of this subsection unless the
court makes written findings, by clear and convincing evi-
dence, that the circumstances and behavior of the person,
from the date of the conviction the person is seeking to
set aside to the date of the hearing on the motion, do not
warrant granting the motion due to the circumstances and
behavior creating a risk to public safety. \*\*\*

"(b)   The court shall grant a motion filed under subsec-
tion (1)(c) or (d) of this section, or under subsection (1)(a) of
this section if no objection to the motion is received, and
shall enter an appropriate order \*\*\*."

ORS 137.225(3). Under ORS 137.225(7)(d), the provisions
allowing a person to move to set aside a conviction and
arrest do not apply to "[a] person who at the time the motion
authorized by subsection (1) of this section is pending before
the court is under charge of commission of any crime."

        "The proper meaning and application of ORS 137.225
is a matter of statutory interpretation, and we review for
legal error a trial court's determination of whether a movant
is entitled to have [their] conviction set aside under ORS
137.225." *State v. Sylva*, 314 Or App 661, 662, 500 P3d 49
(2021) (internal quotation marks omitted). We interpret
statutes to identify the legislature's intent. "[W]e first exam-
ine the statute's text and context, and then consider any rel-
evant legislative history to the extent that it is useful to the
analysis, with the goal of giving effect to the intent of the
legislature." *Grant*, 339 Or App at 616 (citing *State v. Gaines*,
346 Or 160, 171-72, 206 P3d 1042 (2009)).

        We begin with the text and context of ORS 137.225(3)
(b), which provides that "[t]he court shall grant a motion
filed under \*\*\* subsection (1)(a) of this section *if no objec-
tion to the motion is received*, and shall enter an appropriate
order[.]" (Emphasis added.) The phrase "if no objection to the
motion is received" indicates inaction and does not require
the prosecuting attorney to take a specific action. That is, if
the state has no objection, it need not do anything. And the
text does not require the trial court take immediate action if
the prosecutor notifies the court that they have no objection.

The context of the statute also supports the state's understanding of the legislature's intent. ORS 137.225(2)(a) allows the prosecuting attorney to object to a defendant's motion to set aside within 120 days of the date the motion was filed with the court. *See Zweizig v. Rote*, 368 Or 79, 89, 486 P3d 763 (2021) (explaining that context includes all other provisions of the same statute and other related statutes). Thus, the text and context of the statute indicate that the legislature intended to permit the prosecuting attorney 120 days after a defendant files a motion to set aside under ORS 137.225(1)(a) to notify the trial court that they object to the motion. If the prosecuting attorney fails to object within 120 days and the defendant is otherwise eligible under the statute, then the trial court must grant the motion, subject to the other limitations in the statute.

The text and context of ORS 137.225(3)(b) do not support the proposition that the legislature intended that a communication sent by the prosecuting attorney to the trial court, stating that they do not object to the motion, would end the 120-day period to object and immediately require the trial court to grant the motion. Therefore, we conclude that the trial court was not obligated to grant the motion to set aside under ORS 137.225(3)(b) when the state sent the initial letter that it did not object to the motion. The trial court did not err when it permitted the prosecuting attorney 120 days from the time of the filing of the motion to object.

We turn next to defendant's second assignment of error, in which she makes two arguments. First, defendant argues that the trial court erred by finding in the written order denying the motion that defendant had been "charged or convicted with another crime or violation *** within the statutory timeframe before this motion was filed." The trial court made that finding by marking a check box next to that wording on what appears to be a form order. As discussed above, ORS 137.225(7)(d) provides that the provisions allowing a person to move to set aside a conviction and arrest do not apply to "[a] person who at the time the motion authorized by subsection (1) of this section *is pending before the court is under charge of commission of any crime*." (Emphasis added).

The trial court's order denying the motion does not accurately reflect the text of ORS 137.225(7)(d). However, such an error does not render the order denying the motion invalid. *See State v. D. Z.*, 274 Or App 77, 80, 359 P3d 1246 (2015) (concluding that a written order and record could be examined to determine the trial court's intent when the check-the-box form was plainly susceptible to error (citing *State v. Rood*, 129 Or App 422, 426, 879 P2d 886 (1994))).

Here, the trial court's verbal findings and conclusions at the hearing on the motion make clear that the court found that the charges were brought after the motion to set aside was filed, but while the motion was pending before the court. The court correctly concluded that made defendant ineligible for a set aside under ORS 137.225(7)(d), as explained below.

Second, defendant argues that charges filed after the defendant files a motion to set aside cannot preclude eligibility under ORS 137.225(7)(d), and that subsection (7)(d) precludes eligibility only when those charges were pending when the motion was filed. As discussed above, we begin questions of statutory interpretation by examining the text and context of the statute. *Gaines*, 346 Or at 171-72.

Again, ORS 137.225(7)(d) provides that the provisions allowing a person to move to set aside a conviction and arrest do not apply to "[a] person who at the time the motion authorized by subsection (1) of this section is pending before the court is under charge of commission of any crime." The phrase "pending before the court" in ORS 137.225(7)(d) is not defined in the statute. We assume words of common usage are given their ordinary meaning, absent a statutory definition. *See, e.g.*, *State v. W. V.*, 342 Or App 250, 255-56, 577 P3d 309 (2025) (so stating). As relevant here, "pending" is defined as "not yet decided" and "in continuance[.]" *Webster's Third New Int'l Dictionary* 1669 (unabridged ed 2002). The trial court had not yet decided the motion when charges were brought against defendant. Accordingly, defendant was "under charge of commission of any crime while the motion was pending before the court," under subsection (7)(d). Thus, subsection (1)(a) did not apply to defendant, and the trial

court did not err in concluding that defendant was ineligible for a set-aside.

We reject the third assignment of error because it is resolved by our conclusion on the second assignment. We reject the fourth assignment of error without discussion because defendant failed to preserve it and conclude that the trial court did not plainly err.

We thus conclude that the trial court did not err in denying defendant's motion to set aside.

Vacated and remanded for entry of a corrected order; otherwise affirmed.