No. 325 April 22, 2026 707

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. C.,
*Appellant.*

Multnomah County Circuit Court
25CC02486; A187752

Erin E. Kirkwood, Judge.

Submitted March 11, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Appellant appeals a judgment of civil commitment and raises two assignments of error. For the reasons explained below, we affirm.

*Detention*: In his first assignment of error, appellant argues that the trial court plainly erred when it did not dismiss the case because his commitment hearing was not held within the statutorily required timeframe. Specifically, appellant asserts that the diversion certificate under ORS 426.237(1)(b) (2023), *amended by* Or Laws 2025, ch 559, § 10,[1] was untimely filed, and that as a result, he was held for longer than five judicial days without a hearing, in violation of ORS 426.232 (2023), *amended by* Or Laws 2025, ch 559, § 29, and ORS 426.234 (2023), *amended by* Or Laws 2025, ch 559, § 31. We previously rejected similar plain error arguments in *State v. Gallegos*, 302 Or App 145, 152, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020), and *State v. M. D. D.*, 323 Or App 442, 443-46, 523 P3d 1152 (2022). Upon review, we conclude that there is no plain error on this record for the reasons we articulated in those opinions.

*Insufficient evidence*: In his second assignment of error, appellant argues that there was insufficient evidence for the trial court to conclude that he had a mental disorder that made him a danger to himself. To meet the legal standard for a danger-to-self commitment, the state must prove that a person has a mental disorder that "would cause him or her to engage in behavior that is likely to result in physical harm to himself or herself in the near term." *State v. M. T.*, 308 Or App 448, 452, 479 P3d 541 (2021) (internal quotation marks omitted). "The threat of physical harm must be serious—that is, it must be life-threatening or involve some inherently dangerous activity." *Id.* (internal quotation marks omitted). The threat must "be more than speculative"—that is, "the evidence of such a threat must be particularized, demonstrating a highly probable risk of harm in the near future." *Id.* (internal quotation marks omitted).

_____

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

The danger also must be caused by the mental disorder, not merely coincide with it. *State v. S. G.*, 338 Or App 6, 15-16, 565 P3d 49 (2025).

The trial court found that legal standard to be met here. On appeal, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Whether it was legally sufficient is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to [him]self" as a result of a mental disorder. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient to permit civil commitment based on danger to self. Accordingly, we affirm.

Affirmed.